UTICA,
Aug. 1826.

Ball
v.
Bank of Utica.

A declaration will not be set aside on the ground that it varies from the original writ; though that original be a special one.

G. C. Bronson moved to set aside the amended declaration, on the ground of variance from the *special* original. The writ was in assumpsit; and had four counts on special agreement. The first declaration followed the writ; but the plaintiff amended of course; omitting all the special counts of the writ, and inserting the general ones in assumpsit.

B. D. Noxon, contra, relied on 1 *Saund.* 318, *a.* note (3), and the cases there cited; with what this court said in *Rogers* v. *Rogers,* (4 *John.* 485,) and the cases there cited.

*Bronson,* in reply, said these authorities sanctioned the variance only in cases of general originals; as the original *quare clausum fregit,* which is used in the English C. P.

*Curia.* This does not appear to be the distinction. In general, now, variance from the original cannot be pleaded in abatement, whether the original be general or special. There is hardly an exception to this rule. Even on error for the variance, this court will suffer the plaintiff to amend the original, so as to conform to the declaration; and that may be done at any time in this case, provided it becomes necessary. (1 *Chit. Pl.* 246, 249.)

Then the defendant shall not be permitted to do that by motion to set aside the proceedings, which he could not do in any other way. We will not look into the original to sustain such a motion. (1 *Saund.* 318, *a.* note (3).)

*Spaulding* v. *Mure,* (6 *T. R.* 363,) is in point. That was a special originial with 4 counts in assumpsit; 2 against the defendants as surviving partners; the others in their own right. They having given bail, the plaintiff declared against them in their own right only. The court agreed

that this was a variance in subatance ; and they discharged the bail. But they refused to set aside the declaration.

Motion denied.

---

### Ford *against* Crane and Canfield, executors of Waring.

Motion to set aside the non-pros of the plaintiff, for not replying, with all subsequent proceedings.

The action was *assumpsit* against the defendants as executors. They pleaded, 1st, non-assumpsit : and 2d, an outstanding judgment, and *plene adminstravit præter.* The defendants ruled the plaintiff to reply to the last plea ; which not being done within the 20 days, they entered the plaintiff's default ; and were now proceeding on a rule for judgment of *non pros* to perfect a judgment, with costs against the plaintiff.

It was conceded that the default was regular ; and the only question was, what judgment should follow.

For the plaintiff it was insisted, that it should be the same as if he had replied, admitting the plea, and praying judgment *quando*, &c.

*L. Ford*, for the plaintiff, cited 2 *Saund.* 226.

*J. Butterfield*, contra.

*Curia.* There is no doubt of the plaintiff's right so to reply ; and take judgment of assets *in futuro.* This is all which is proved by *Noel* v. *Nelson*, cited for the plaintiff from 2 *Saund.* 226. But he might also have replied *nul tiel record ;* or taken issue on the question of assets *præter ;* and so have sought to oust the defendants of their defence. It was impossible for them to say which course the plaintiff would pursue. If he had taken the latter, and failed in maintaining his issue at the trial, the judgment

*Where the defendants, being executors, pleaded the general issue, with an outstanding judgment ; and plene administravit præter ; and ruled the plaintiff to reply to the last plea, which he omitted ; held, that the only effect of the default would be, judgment for the defendant, with the costs on that branch of the defence founded on the special plea ; but the plaintiff might still go to trial on the issue ; and if he succeeded, take his judgment quando acciderint ; and the judgment could not be perfected for the defendant till that issue was disposed of.*