## SUPREME COURT.

### VOORHIES agt. SCOFIELD.

The cause of action stated in the complaint, should control the form of the notice in the summons (*This agrees with the case of Field and Stone agt. Morse, ante page 12.*)

Where the plaintiff served a summons and complaint together, the summons containing a notice that if the defendant failed to answer the complaint, the plaintiff would take judgment against him for $150, with interest, &c. The facts stated in the complaint showing a cause of action for wrongfully taking, detaining and converting personal property. *Held*, that the summons was irregular and was set aside with costs, with leave to amend on terms.

*It seems*, that although it has been considered as a settled rule that an appearance generally, in the cause. waives irregularity in the process by which the party is brought into court (see Webb agt. Mott, 6 *How. Pr. R.* 439); yet, under the Code, this rule in certain cases, may not apply. For instance, a summons is served, without a complaint, with a notice for judgment conforming to one of the subdivisions of § 129, the defendant serves a notice of retainer generally, for he must do this in order to get a copy of the complaint, and when the complaint is served, he finds an entire variance between the notice in the summons and the cause of action stated in the complaint, the latter controlling the cause of action. Is he by his general retainer deprived of moving to set aside the summons for irregularity? Supposed not.

*Onondaga Special Term, June* 1852. *Motion to set aside the summons upon the ground that the notice inserted in it is improper.* The action was commenced by the service of the summons and complaint on the 4th May. The summons contains the notice that if the defendant fails to answer the complaint, the plaintiff will take judgment against him for $150, with interest, &c. The facts stated in the complaint show a cause of action for wrongfully taking, detaining and converting personal property.

On the 24th day of May the defendant's attorneys served upon the plaintiff's attorneys copies affidavits and notice of this motion, and also notice of retainer by the defendant and that they appeared for him.  The service was made through the post office.

JAMES NOXON, *for Defendant.*

Q. A. JOHNSON, *for Plaintiff.*

MARVIN, Justice.—Civil actions are commenced by the service of a summons.  The requisites common to all summons are given in section 128, and then in section 129 it is provided that the plaintiff shall also insert in the summons *a notice.*  1, in action, upon contract for the recovery of money only, that he will take judgment for a sum specified therein, if the defendant fails to answer.  2, in other actions, if the defendant fails to answer, he will *apply to the court* for the relief demanded in the complaint.

A copy of the complaint need not be served with the summons.  It may, however, be served at the same time.  In this case they were served together, and from the complaint it is clear that the action is not one "*arising on contract.*"  The notice in the summons is not, therefore, in conformity with the requirements of the Code.  The notice should have been of an application to the court for the relief demanded in the complaint.  It was not denied upon the argument, that there was not a proper conformity between the summons and complaint, but the position was taken that the motion should have been to set aside the complaint.  We look to the facts stated in the complaint to ascertain the character of the action, and in an action arising on contract for the recovery of money only, the notice in the summons is to be in one form, and in other actions, in another form.  How are we to know, when the summons contains one of the two prescribed notices, whether it is the right one, until we examine the complaint?  The complaint, or cause of action stated in it, is to control the form of the notice in the summons.  The motion to set aside the summons in this case is, I think, the proper motion.  True it may be argued that as the plaintiff, in the summons, has indicated the nature of the action, he should not be permitted to deliver thereafter a complaint in another class of actions, and

that such complaint should be set aside, and he should be driven to conform his complaint to the summons. In my opinion, however, it will better accord with the system of the Code to regard the action as stated in the complaint, as controlling the form of the notice in the summons.

Cases may occur where it may be proper to move to set aside a complaint delivered after the service of the summons upon the ground that the action stated in it, belongs to a class different from that indicated in the summons, and is not the action intended by the summons. In the present case the summons and complaint were served together, and the action, as disclosed in the complaint, should control the form of the summons. It is not necessary to express an opinion in a case presenting other and different circumstances.

Since the motion in this case was submitted, Webb agt. Mott (6 *How. Pr. R.* 439), has been published. In that case, the summons and complaint were served together. They differed, as in the present case. The defendant appeared generally by his attorney, and *subsequently* gave notice of the motion to set aside the summons and complaint for irregularity. The learned justice held, that by appearing generally in the action, the defendant had waived the irregularity.

The case under consideration differs from Webb agt. Mott in this respect; there the defendant, after he was apprised of the irregularity appeared generally to the action, without objecting to the irregularity. Such general appearance, under the circumstances, might well be regarded as a waiver of the irregularity. In the present case, however, the first act of the defendant was a resort to measures to bring the question of irregularity before the court. The papers for that purpose were prepared, they were served with a notice of this motion, and accompanying these papers and notice, is the notice of retainer and appearance. Here is no waiver of the irregularity.

In Webb agt. Mott, the principle seems to be advanced that a general appearance of the defendant in the action will be a waiver of the irregularity in the summons. Will such general appearance be regarded as a waiver in a case where the summons is served without the complaint and the defendant appears before

the complaint is served, if the notice in the summons accords with one of the subdivisions of section 129, and the action as disclosed by the complaint comes under the other subdivision of that section. In other words if the summons upon its face is such as the Code authorizes and the defendant appears and then receives a complaint stating a cause of action, not indicated in the notice in the summons, has he no right to move to set aside the complaint or the summons? Has he, by appearance, waived the right to present the question of irregularity? It seems to me not. We can hardly hold that a party waives an irregularity until he has had an *opportunity* of knowing that one has been committed. When the summons is served it is regular upon its face. It contains one of the notices authorized by the Code. Whether it is the right notice, can not be known until the complaint is served, and the defendant is not entitled to the service of a copy of the complaint, until he has caused notice of appearance to be given.

I have examined the authorities referred to in Webb agt. Mott, and they are cases where the defect or irregularity *appeared* in the process or summons. The general rule undoubtedly is that a party must take the earliest advantage of the irregularity of his adversary, and if he takes any step in the progress of the cause after the irregularity is apparent, he waives the irregularity. This is a very useful rule in practice. But it seems to me that it is not applicable to a case where the defendant appears, upon the service of a summons, which upon its face does not appear to be irregular, and which irregularity can not be known until the complaint is seen. It is only irregular as tested by the cause of action set out in the complaint. When this appears the defendant may move.

In the case under consideration the motion must be granted with \$7 costs, unless the plaintiff shall in ten days amend the summons and serve a copy thereof upon the defendant's attorneys and pay the \$7 costs. The defendant is to have twenty days after service of the amended summons to answer the complaint.