## SUPREME COURT.

### PATRICK BOINGTON agt. ELBRIDGE G. LAPHAM and JAMES L. MUNSON, executors, &c.

The *summons* is the first in the order of proceeding, and upon it the defendant is brought into court. All subsequent proceedings are supposed to be based upon it. If, therefore, the complaint does not conform, in regard to the nature of the action, with the summons, the *complaint*, and not the summons, is irregular. (*This agrees with Ridder agt. Whitlock*, 12 *How. Pr. R.* 208; *and is adverse to Voorhies agt. Scofield*, 7 *id.* 51.)

Where the defendant, in such case, moves to set aside the *summons* for irregularity, (instead of the complaint,) and in his notice of motion specifies the irregularity, and also asks for such other and further relief, &c., he will be allowed an order setting aside the *complaint*. (*See Allen agt. Allen, ante* page 248.)

*Cayuga Special Term and Circuit, Jan.,* 1857.

THIS action was commenced on the 5th day of January, 1857, by the service of a summons upon the defendants personally. The notice in the summons was, that if the defendants should fail to answer the complaint, &c., the plaintiff would apply to the court for the relief demanded in the complaint. A copy of the complaint was served upon the defendants with the summons, and the cause of action set forth in it, is upon contract for the recovery of money only.

The affidavit of one of the defendants shows that, previous to the commencement of the action, the demand upon which the action is brought was presented to the defendants as executors, &c., on behalf of the plaintiff, which was rejected by the defendants; and that while a negotiation between the defendants and the plaintiff for a reference was pending, the action was commenced.

The motion is for an order to set aside the summons for irregularity. The notice of motion stating the irregularity to be, that the complaint is upon contract to recover money only, and the summons states that the plaintiff, in case of the defendant's failure to answer, will apply to the court for the relief demanded in the complaint. The notice of motion also states the defendants will apply for such further and such other order as the court shall think proper to grant.

> JAMES C. SMITH, *for defendants.*
> D. W. MARKHAM, *for plaintiff.*

WELLES, Justice. By § 127 of the Code, all civil actions in courts of record are to be commenced by the service of a summons. The next section provides the form and requisites of the summons; and the next directs that the plaintiff shall insert in the summons a notice specifying the kind thereof, where the action is upon contract for the recovery of money only, and what kind in other actions. In the former case the notice must state that he will take judgment for a sum specified therein, if the defendant fails to answer the complaint in twenty

days, &c., and in the latter, in case of like failure to answer, he will apply to the court for the relief demanded in the complaint.

The object of these provisions is, that the summons shall indicate the general character of the action, and what course the plaintiff will pursue in case the defendant neglects to answer.

It may be of consequence for the defendant to be thus advised of the nature of the action brought against him, as it may determine the question with him whether or not to interpose a defence, especially if the complaint accompanies the summons. If he is actually indebted to the plaintiff in the amount specified in the summons, for the cause set forth in the complaint, he would be safe in letting judgment pass against him as for want of an answer. But if the notice in the summons is for relief, &c., he would, in most cases, choose to answer and defend.

But the plaintiff has his election which form of notice to insert in the summons, and either is entirely regular. Does a want of conformity of the complaint with the summons in this respect render the latter irregular? It seems to me not, but that the irregularity, in such case, is in the complaint. The action is commenced by the service of the summons, and is regularly commenced by such service, with either form of notice prescribed by § 129.

The summons is first in the order of proceeding, and upon it the defendant is brought into court. All subsequent proceedings are supposed to be based upon it. If, therefore, the complaint does not conform, in regard to the nature of the action, with the summons, the former, and not the latter, is irregular.

I am aware that a different view was entertained in *Voorhies* agt. *Scofield*, (7 *How. Pr. R.* 51;) but in *Ridder and others* agt. *Whitlock*, (12 *id.* 208,) BALCOM, Justice, lays down the rule, that the summons must control the complaint, as to the nature of the action brought. I think the latter of these cases contains the true doctrine on the subject.

It is, however, of not much importance, so far as the decision of this case is concerned, for the notice of motion contains

the usual clause for other relief, &c., and the irregularity is distinctly pointed out in the notice. The irregularity complained of is established by the papers. The defendants ask, it is true, for what they are not entitled to, but they also ask generally for such order as the facts established do entitle them to ; and that is, that the complaint be set aside for not conforming to the summons.

I think, under the notice of motion, they are entitled to such order, with leave to the plaintiff to serve a new or amended complaint in twenty days after service of a copy of the order.

No costs are allowed to either party, for the reason that the practice in such cases has been heretofore, to some extent, unsettled upon the subject.