## JOHN CORNELL *vs.* PHILIP H. MATTHEWS.

1. If a summons under the mechanics' lien law is only against the builder in a case where the same person is builder and owner, it may be amended either before pleading to the declaration, or after; but the defendant, by appearing to the suit and pleading the pleas appropriate to the owner, waives the objection.

Cornell v. Matthews.

2. The mechanics' lien law does not require either the lien claim or the declaration to state the legal estate of the owner in the land; it only requires the name of the owner of the land, or of the estate on which the lien is filed, to be stated.

3. In a lien case, the declaration does not conclude with the *proinde producit sectam* clause, and it is not necessary that the averment of the liability of the land, should precede the formal close of the count; the statement of the lien claim concludes the declaration.

4. The plea that the premises are not liable to the debt, does not put in issue the title to the property, nor compel the plaintiff to prove the ownership or estate of the defendant therein.

5. Under that plea, it is immaterial what interest the defendant has in the premises, or whether he has *any* interest.

In error to the Hunterdon Circuit Court.

This was an action under the mechanics' lien law, brought in the court below by Matthews against Cornell, to recover for lumber furnished to build a house on land to which Cornell's wife claimed title under the will of her father.

On the trial at the circuit, a verdict was rendered in favor of Matthews for the amount claimed, and on that verdict a special judgment was entered against Cornell's estate in the premises upon which the lien was claimed.

The cause was removed into this court by writ of error. The points relied upon by the plaintiff in error sufficiently appear in the opinion of the court.

Argued at February Term, 1859, before the CHIEF JUS-TICE, and Justices OGDEN, VREDENBURGH and WHELPLEY.

*Kingman*, for plaintiff in error.

*Richey*, for defendant.

The opinion of the court was delivered by

WHELPLEY, J. This was an action or proceeding, under the lien law, to recover the value of certain lumber, sold and delivered by Matthews to Cornell, and used in

the construction of a house built by him upon lands to which his wife has title under the will of her father. The object of the proceeding was to charge whatever interest Cornell had in the land of his wife with the plaintiff's debt. At the circuit, the plaintiff had a verdict upon the issues joined in the case, and we are now asked, upon this writ of error, to review the judgment of the court below upon errors in the form of the proceeding, and also in regard to the merits of the case.

It is difficult to perceive what advantage the plaintiff has secured by a proceeding upon his lien in this case, unless it be a priority over other creditors. He was both builder and owner, and a general judgment against him would have enabled the plaintiff to seize and sell his interest in the land as fully as any proceeding under the lien law.

The judgment entered in this case is a special judgment, directing the' sum recovered to be levied of the defendant's interest in the land on which the building was erected. There is no general judgment against him, as debtor of the plaintiff, founded upon the contract of indebtedness; it is a pure judgment under the lien law.

The first error assigned is, that the action was brought against Cornell as builder only, and not as owner of the premises, or of any interest therein; that the law requires the suit to be against both builder and owner.

The eighth section of the act prescribes the form of the summons; that it shall be in the following, or like form : Summon A B, builder, and C D, owner, or (if the owner contracted the debt) A B, builder and owner.

The 9th section provides that the declaration in such case shall, after reciting that both builder and owner were summoned, and how served, be against the builder.

The summons in this case did not conform to the directions of the act; it might have been amended, if objection had been made to it before pleading to the declaration or after; the objection is waived by pleading to the

declaration. *Garland* v. *Chattle*, 12 *Johns.* 430 ; *Mumford* v. *Stocker*, 1 *Cow.* 641 ; *Ball* v. *Utica Bank*, 6 *Cow.* 70 ; 1 *Chit. Pl.* 241, 249 ; 1 *Saunders* 318, *a*, *note* 3 ; 3 *Harrison* 124, *Bruen* v. *Ogden*. The declaration is against the builder, as the act prescribes, and concludes, in the sense required by the statute, with an averment that the debt is a lien on the defendant's interest in the land described, without describing that interest, except that it states that he has an estate in the same, as the husband of Ellen Cornell. What that estate is, we are left to conjecture.

The defendant pleaded to this declaration—

1. *Non-assumpsit.*

2. Payment.

3. The statutory plea that the land, interest, and estate of the defendant therein is not subject to the lien. The defendant, by appearing to the suit generally, and pleading the plea appropriate for the owner of the land, waived the informality of the summons, and the declaration conformed to the requirements of the act.

The averment of the liability of the land need not precede the formal close of the count. The declaration in a lien case does not conclude with the *proinde pro ducit sectam* clause—the statement of the lien claim concludes it. The act does not require either the declaration or the lien claim to state the legal estate of the owner in the land. The lien claim is required to state the name of the owner or owners of the land, *or* of the estate therein on which the lien is claimed.

The only plea given to the owner of the land is, that the said house or land is not liable to said debt. What is the issue upon this plea ? Can the person sued as owner dispute, under this plea, his ownership of the land ?

The plea is given to him *as* owner. The act says *the owner* may plead that the house is not liable to the debt. It was not the design of that plea to put the plaintiff upon proof that the person sued as owner is owner, but that his estate in the land, whatever it is, is chargeable with

the lien; that the lien was properly filed; that the lumber was furnished for, and went into the house—in short, everything necessary to show that the land is chargeable with the debt, on the supposition that the owner is a party to the action. The judgment can bind the estate of no one not a party to it; no execution can issue upon it against the owner, except one special, to make the debt and costs of the land. If he has no estate in the land, he is not affected by the judgment in person or estate. Why should he be permitted to contest, upon the trial, a question to him perfectly immaterial, if he be the owner? His estate, whatever, it may be, is subjected to the payment of the debt. If not, the judgment is, as to him, a perfect nullity.

The legislature never intended to permit the issue of title to be made by the alleged owner.

This case is clearly distinguishable from that of *Babbit* v. *Condon and Mason, ante* 154. In that case, the lien claim and declaration showed affirmatively that the building was erected by James Condon, for Daniel G. Mason, upon land belonging to Lowell Mason, and did not show, under the statute, any permission in writing so to erect it; the plaintiff showed, on the face of his proceeding, that it was utterly unauthorized by the statute.

In the present case, the question presented for decision is not whether, if it appear to the court, by the record, that the defendant has no interest of any kind in the land, the plaintiff can take judgment against the land; but whether, under the plea pleaded by the defendant, the plaintiff is bound to prove the interest of defendant in the land; whether the defendant, under a plea admitting the character in which he is made a party, and pleading a defence peculiar to that character, can set up that he does not sustain it.

I am of opinion that it was immaterial upon the trial, upon the plea pleaded, whether the defendant had any, and, if any, what interest in the premises; and that the

charge of the judge was right, or at least that it was immaterial whether it was right or not, in saying that the defendant had some estate in the premises.

The judgment in the case was special against the land; it was so far in conformity to the act. The defendant cannot be heard in alleging that it did not go far enough as to him; he cannot be prejudiced by it. The plaintiff was entitled to a general and special judgment; he might waive either; doing so is not error.

The judgment must be affirmed, with costs.

CITED *in Edwards* v. *Derrickson*, 4 Dutch. 58; *Washburn* v. *Burns*, 5 Vt. 22; *Jacobus* v. *Mutual Benefit Life Ins. Co.*, 12 C. E. Gr. 626.