## CITY OF FOND DU LAC VS. BONESTEEL.

*Variance between summons and complaint.— Effect of a general appearance.— Appealable orders.*

1. When the complaint does not follow the summons, the former and not the latter must be held irregular for that reason.
2. In such a case a general appearance does not waive the irregularity.
3. Where the complaint is served either with the summons or afterwards on the appearance of the defendant, a variance between it and the summons as to the nature of the action (whether in tort or upon contract), cannot be taken advantage of by the defendant.
4. Is an order refusing to set aside the complaint for such variance appealable?

APPEAL from the Circuit Court for *Fond du Lac* County.

Summons as in an action for relief; the complaint (served therewith) alleging that, on etc., defendant was mayor of the plaintiff city, and plaintiff delivered to him to sell in New York city and pay the proceeds to plaintiff, 2,013 shares of certain railroad stock, of the value of $100,000; that defendant afterwards, on etc., sold the stock, and received therefor $33,594; that afterwards, on etc., plaintiff duly demanded of him the latter sum, which he wholly neglected and refused to pay, and has unlawfully converted and disposed of the same to his own use; wherefore judgment is demanded for said sum, with interest, etc. The defendant, having appeared generally, moved to set aside the complaint for variance between it and the summons; and appealed from an order denying the motion.

*Edward S. Bragg*, for appellant, cited 1 Smith & Tif. N. Y. Pr., 111, 113; 22 N. Y., 225, 228; 11 Wis., 476; *Orton v. Butler*, 7 E. C. L., 224; 1 Chitty's Pr. (8th Am. ed.), 148.

*Gillett, Conklin & Pier*, for respondent, to the point that the complaint sounds in tort, cited *Ridder v. Whitlock*, 12 How. Pr. R., 208; *Stoll v. King*, 8 id., 298; *Burhans v. Casey*, 4 Sandf., 707. To the point that a general appearance waives all defects in the summons and complaint, they cited 1 Whit. Pr., 307; *Baxter v. Arnold*, 9 How. Pr. R., 445; *Hewett v. Howell*, 8 id., 346.; *Webb v. Mott*, 6 id., 439; *Dole v. Manley*, 11 id., 138.

The following opinion was filed at the January term, 1867.

DOWNER, J. The appellant contends that his motion to set aside the complaint should have been granted, because it does not follow the summons. It is insisted by the respondent that if there is any such irregularity, it was waived by a general appearance of the appellant (defendant below). But a general appearance only waives defects in the sum-

mons.   It is true there are some New York decisions (6 How. Pr. R., 439; 8 id., 346; 9 id., 447) to the effect that a summons in every respect regular on its face is made defective or irregular by a complaint which does not follow it. The rule in such cases before the code was, that the declaration must follow the summons or process; and that if it did not, the former, not the latter, was irregular. And such we have no doubt now is the correct rule. BALCOM, J., in *Ridder v. Whitlock*, 12 How. Pr. R., 208, well remarks, that "to hold that the complaint should control the summons, instead of the latter controlling the former, as to the nature of an action brought, would be somewhat like making a judgment conform to the execution issued on it. It would be *currus bovem trahit.*" The summons we hold regular; and if there is any irregularity in the complaint, it was not waived by the appearance.

While a majority of the court are inclined to the opinion that the complaint sets out a cause of action in tort, yet we deem it unnecessary to decide that point; for whether the complaint sets out a cause of action in tort or on contract, we do not think there is such an irregularity as the defendant could take advantage of. What was the rule before the code? Could the defendant, on motion, set aside the declaration in an action at law because the summons or process was in an action on contract, and the declaration in tort? Chitty (1 Chitty's Pl., 228) says: "Upon common process by bill in the King's Bench, or upon a *capias* or original *quare clausum fregit* in the Common Pleas, the plaintiff may declare in any cause of action whatever, though the writ in each is trespass. But in bailable actions the declaration must correspond with the *cause* and *form* of action in the affidavit, or other process; for otherwise the defendant will be discharged out of custody on filing common bail; but this will be the only consequence, for the court will not in

such case set aside the proceedings for irregularity." Chitty further says, that when the proceedings are by *original*, the proceedings will not be set aside by reason of variance between the writ and declaration in the cause of action, the only effect of such variance being to entitle the defendant to his discharge on entering common appearance. See also Tidd's Prac. (8th ed.), 453. In *Rogers v. Rogers*, 4 Johns., *485, the defendant having been arrested upon a *capias ad respondendum* with an *ac etiam* clause upon promises, the court held that the plaintiff in his declaration was bound to follow the writ as to the nature of the action, and set aside the declaration as irregular for not doing it, citing, to sustain them, in part the same authorities cited by Chitty. In *Durfee v. Heemstreet*, 1 Wend., 305, the same question arose, and counsel insisted that the case in 4th Johnson was a departure from the practice of the King's Bench, and was not supported by the authorities referred to in that case. But the court said, "Without deciding this question, it is enough that this court has a right to regulate its own practice;" and adhered to the ruling in 4th Johnson. We are satisfied, after an examination of the authorities, that that ruling was not in accordance with the English practice. According to that practice, the defendant could not crave oyer of the writ, and he could not therefore take advantage of the variance. In *Ball v. Bank of Utica*, 6 Cow., 70, the court held that a declaration would not be set aside on motion on the ground of variance between it and the original writ, which was a special one. In *Ridder v. Whitlock*, above cited, the court held that a variance between the summons and complaint might be taken advantage of on motion. The practice before the code was different in different states; the courts of some holding that the variance could not be taken advantage of by motion, and others that it could. We see no good reason why, where the summons and complaint are both

served at the same time, as in this case, or where the defendant appears, and is served with a copy of the complaint, he should be permitted to avail himself of an irregularity by which he cannot be in any way prejudiced. We hold, therefore, that such variance cannot be in any way taken advantage of in such *ases. This ruling, however, is confined to cases where the complaint is served, either with the summons or afterwards on the appearance of the defendant.

*By the Court.*—The order of the circuit court is affirmed.

The appellant moved for a rehearing. The following opinion was filed at the September term, 1867.

COLE, J. A motion for a rehearing is made in this case, mainly, as is stated in the argument of the counsel for the appellant, for the purpose of asking this court to so far modify its order affirming the order of the circuit court as to permit the appellant to come in and answer and defend the action upon the merits. We deem such a modification of the order entered by this court, under the circumstances, unnecessary. For we cannot assume that the circuit court, upon a proper application, will refuse to let the appellant come in with his answer upon such terms as may seem just and equitable. There is nothing in the order of this court which would prevent the circuit court from exercising its sound discretion in the matter.

The appealability of the order refusing to set aside the complaint for its alleged inconsistency with the summons, was not contested on the argument. It may be very questionable whether such an order is appealable under our statute. But as that question was not raised by counsel, and as we are not clear upon the point, we have not felt like expressing any opinion upon it.

*By the Court.*—The motion is denied.