## BERRY V. BINGAMAN.

1. When a summons in justice court fully sets out the facts constituting plaintiff's cause of action, such action as so shown being founded on a tort, the complaint, when filed, alleging the same facts as the summons, it is not error to refuse to set aside the complaint because the summons contains a notice that, if defendant fail to appear and answer, plaintiff will take judgment for the amount specified in the summons, instead of a notice that he will apply to the court for the relief demanded.

2. The rule is approved that where the summons in justice court, as required by Section 6053, Comp. Laws, contains "a sufficient statement of the cause of action in general terms to apprise the defendant of the nature of the claim against him," or where, in the circuit court, the summons and complaint are served together, so that the defendant is fully informed as to the nature of the cause of action, a motion to set aside the complaint because it varies from the summons as to the nature of the action should not be allowed.

(Syllabus by the court.    Argued Oct. 11, 1890.    Opinion filed Jan. 30, 1891.)

Appeal from circuit court, Hutchinson county. Hon. D. HANEY, Judge.

The facts and the nature of the proceedings are fully set forth in the opinion.

*George P. Harben*, for appellant.

The variance between the summons and the complaint was fatal, and the court erred in overruling appellant's motion to strike the complaint from the files. Tuttle v. Smith, 14 How. Pr. 395; Cobb v. Dunkin, 19 Id. 166; Johnson v. Paul, 14 Id. 454; Shafer v. Humphrey, 15 Id. 564; Campbell v. Wright, 21 Id. 9; Dyas v. Keaton, 3 Mon. 501; Smith v. Aldrich, 6 Col. 388; Odell v. Campbell, 9 Or. 305.

*Robert L. Harben* and *A. H. Orvis*, for respondent.

Only when the defendant is misled by a variance between the summons and complaint can either be set aside for the irregularity. 1 Wait's Prac. 480; Dyas v. Keaton, 3 Mon. 495. Appellant by moving to strike the complaint, which is not a jurisdictional paper, made a general appearance and submitted to the jurisdiction of the court and thereby waived all defects in the summons. Kaw Valley Life Ass'n v. Luke, 19 Pac. 337.

KELLAM, J.   The summons by which this action was orig-
iginally commenced in justice court required defendant to an-
swer the complaint of the plaintiff, "who claims to recover of
you the sum of twenty-five dollars for damage done by setting
a prairie fire, and burning hay owned by plaintiff in said county;
and you are hereby notified that, if you fail to appear and an-
swer as above required, said plaintiff will take judgment
against you for the sum of twenty-five dollars, besides costs."
In due time, plaintiff filed his complaint setting out a cause of
action as indicated in the summons; upon which defendant, ap-
pearing specially for that purpose only, moved to "strike from
the files the complaint  *  *  *  for the reason that there is a
fatal variance between said complaint and the summons served
in said cause, the summons demanding a judgment in dollars
and cents, while the complaint shows a cause of action arising
from a tort, which under our Code requires a relief summons
instead of a money-demand summons."   The motion was de-
nied.   Defendant made no further appearance.   The plaintiff
presented his evidence, and the court rendered judgment
against defendant for the amount claimed, and costs.   Defend-
ant appealed to the circuit court upon the question of law, al-
leging error in overruling his said motion.   The action of the
justice court was affirmed, and the same question is now pre-
sented to this court by this appeal.

Under the Code, a summons is, in general, the substitute
for the former methods of commencing civil actions.   Sections
4892, 6050, Comp. Laws.   Both in circuit and justice court,
two forms of notice are provided for, to be contained in the
summons, the distinguishing feature being as to the method of
plaintiff's proceeding, if the defendant fail to appear and an-
swer.   This provision as to justice court summons is that,
"in an action arising on a contract for the recovery of money
or damages only, a notice that, unless the defendant so appears
and answers, the plaintiff will take judgment for the sum
claimed by him, stating it.   In other actions, a notice that, un-
less the defendant so appears and answers, the plaintiff will
apply to the court for the relief demanded."   It is also required

that this summons—in justice court—shall contain "a sufficient
statement of the cause of action, in general terms, to apprise
the defendant of the nature of the claim against him.    Section
6053, subds. 2, 4, 5, Comp. Laws.    These provisions, or more
particularly the analogous ones relating to summons in the
higher courts, have been, and perhaps still are, the source of
frequent and perplexing questions, and it is not possible to
reconcile the decisions of the courts as to the effect of their
non-observance in practice.    In an early case in New York
(Voorhies v. Scofield, 7 How. Pr. 51) it was held that the cause
of action stated in the complaint should control the form of the
notice in the summons, and that in case of variance the sum-
mons should be set aside.    But later, in Ridder v. Whitlock,
12 How. Pr. 208, the court declared that the summons must in-
dicate the nature of the action, and the complaint should be set
aside if variant from the summons; and this rule as to the par-
amount force of the summons over the complaint in this respect
has since been generally followed.    The early cases are numer-
ous where the complaint was set aside because it did not con-
form to the summons; sometimes when the summons and com-
plaint were served together, as in Boington v. Lapham, 14
How. Pr. 360, and Tuttle v. Smith, Id. 395; and sometimes
where served separately, as in Shafer v. Humphrey, 15 How.
Pr. 564.    In some of the cases it was held that the effect of the
variance depended upon the form of summons used; that a com-
plaint on contract might follow a relief summons,—to use an
expression not authorized by statute, but well understood,—
but that a complaint in a tort or equity action could not follow
a money demand summons.    Hemson v. Decker, 29 How. Pr.
385.    But in Brown v. Eaton, 37 How. Pr. 325, the court de-
clared that in no case where the summons and complaint are
served together should the motion prevail, and in its opinion
says:    "All the subsequent proceedings are governed by the
form of the action as stated in the complaint.    *    *    *    To al-
low the defendant to overlook the complaint, and resort to the
summons for the form of action, for no purpose except to make
a dilatory and fruitless motion, is to encourage a practice which

has already become very troublesome to parties, and very annoying to the courts.   *   *   *   It may be well enough to look into the question when the summons is in fact served before the complaint, but when they are served together the variance is not of sufficient importance, in any aspect of the case, to justify the court in spending their time upon motions to set aside either the summons or complaint." The same views, as to the importance of the variance when the summons and complaint are served together, are expressed by the court of appeals in McCoun v. Railroad Co., 50 N. Y. 176. The opinion says: "It is necessarily wholly immaterial, and cannot, in the nature of things, affect a substantial right of the defendant, whether a summons is under the first or second subdivision of Section 129, when a copy of the complaint   *   *   *   is served with the summons.   *   *   *   The purpose of the notice required by Section 129 is to inform the defendant of the character of the action, and the consequences of a default, that he may understandingly determine whether the protection and preservation of his rights call for an appearance and answer.   But, if the complaint is served with the summons, the defendant has more full and perfect knowledge of the cause of action, and the consequences of a default, than he could get from the summons alone; and, if there is an error or defect in the summons, it carries with it the remedy and correction, and an effectual prevention against error by any one." The same rule prevails in Wisconsin, under like statutory provisions, (Fond du Lac v. Bonesteel, 22 Wis. 251,) the court saying: "We see no good reason why, when the summons and complaint are both served at the same time, as in this case, or where the defendant appears, and is served with a copy of the complaint, he should be permitted to avail himself of an irregularity by which he cannot be in any way prejudiced."

We think the doctrine of these latter cases is salutary, and should form the basis of the rule of practice in respect to questions like the one now before us. Where it is plainly evident that no injury or prejudice did or could result from the variance, the error is modal simply, not substantial, and the mo-

tion to set aside should not prevail. In this case, as required by subdivision 2, § 6053, Comp. Laws, the summons contained a very full statement of plaintiff's cause of action, which could have left defendant in no possible doubt as to the precise nature and extent of plaintiff's claim, and the alleged facts upon which it was based. This was equivalent as a means of notice, to the service of the summons and complaint together, as in an action in the circuit court, and from it the defendant would know at once whether, if he failed to appear and answer, the plaintiff could take judgment against him for the amount claimed upon a contract, as in subdivision 1, § 6082, Comp. Laws, or whether he must still prove his case, and have judgment for such sum "as appears from such evidence to be just," as in subdivision 2 of said section.

We have not overlooked that Smith v. Aurich, 6 Colo. 388, (cited in appellant's brief,) and the still more pertinent case of Railroad Co. v. Nicholls, 8 Colo. 188, 6 Pac. Rep. 512 (not cited,) do not seem to support our conclusions. In the first of these cases the summons was a money-demand summons; the cause of action, as set out in the complaint, a tort; and judgment was taken by default for the amount claimed in the summons. Section 31 of the Code of that state requires the summons to state "the cause and general nature of the action." The court held that this provision was not complied with in the summons; that the requirement was mandatory, and the defect fatal to the jurisdiction of the court. It would seem to us necessary to so hold, for the omission to state "the cause and general nature of the action" would ignore and defeat one of the substantial functions of the summons under their practice, to-wit, "to inform defendant of the particular matter or transaction concerning which he is called upon to defend;" but this statement being contained in the summons, as required by said section 31, defendant would know as well, and for the same reason, as the plaintiff, whether the plaintiff, in the event of defendant's default, could take judgment "for the sum specified therein," or whether it would be necessary "to apply to the court

for the relief demanded," because he would know that the law of the state, and not the language of the summons, would control, and he could not be misled or prejudiced. In Porter v. Vandercook, 11 Wis. 70, the court held that a summons requiring the defendant to answer in twenty days, in a cause in which the law gave him ninety days, was a good summons, on the ground that the defendant, charged with a knowledge of the law, could not be misled by the language of the summons. In the second case the summons was also a money-demand summons; the action for a tortious injury; and the judgment entered by default, for the amount named in the summons. In this case, also, the court held the statement defective in not sufficiently informing defendant of the cause and nature of the action. "Defendant is not in the slightest degree apprised as to what the certain damages mentioned consist of," says the court. On this account the summons was not good, for it failed in one important respect to meet the requirements or perform the office of a summons under their practice. It containing no sufficient statement of the cause and nature of the action, defendant could not be charged with a knowledge of what his or plaintiff's rights would be in case of default; whether plaintiff could take judgment against him for the amount demanded, or would be required to apply to the court for such relief as he could show himself entitled to; and this would afford a strong reason for holding that the summons should notify defendant as to what action would be taken in the event of his failure to appear and defend. These considerations, it would seem to us, might fairly lead to the disposition of these cases made by the court; for the omission from the summons of the statement of the cause and nature of the action would leave the defendant uninformed as to what would be the effect of his failure to answer, the same as where, under our practice, the summons is served without the complaint. But in the second of these cases (Railroad Co. v. Nicholls) the court goes further, and says that Section 37, providing for the different forms of notice to be inserted in the summons, is also mandatory; and we presume would have held in a case where the summons con-

fessedly contained a proper and sufficient statement of the cause and nature of the action, that a failure to insert the proper notice as to whether plaintiff would take judgment for the amount specified, or would apply to the court for the relief demanded, would be fatal error; and this conclusion we could not follow, for the reasons already stated. The action of the circuit court is affirmed. All the judges concurring.