### CHAMBERLAIN v. MENSING.

*(Circuit Court, D. South Carolina. August 3, 1891.)*

**SUMMONS AND COMPLAINT—VARIANCE—NOTICE.**
      Under the United States circuit court rule 5, which provides that in South Carolina, in all actions other than for the recovery of money, the summons shall contain a notice to the effect that, on failure of defendant to answer within a certain time, the plaintiff will apply to the court for the relief demanded in the complaint, a summons in an action for the recovery of land is insufficient which contains a notice that, on default of answer, the plaintiff will "take judgment against you for relief demanded in the complaint."

At Law.
*Mitchell & Smith,* for plaintiff.
*Northrop & Memminger,* for defendant.

SIMONTON, J. The summons with complaint has been served in this case. The complaint discloses an action for the recovery of land. The

defendant now moves "to set aside the complaint for irregularity, in that it does not conform to the summons." This is directed to the notice, which is in these words: "If you fail to answer this complaint within the time aforesaid, the plaintiff will take judgment against you for the relief demanded in the complaint." Under the practice prevailing in South Carolina when our rules were adopted, there were two modes of obtaining advantage of a defendant's default in not answering. In one class of cases, actions on contract for the recovery of money only, the plaintiff could take judgment; that is to say, no application to the court was necessary. His judgment was at hand, and he took it without more. In all other cases he was required to ask of the court the relief he sought, and the court gave it or refused it at discretion. The Code then existing, and our rule 5, adopted in conformity with it, imperatively required the plaintiff to insert in his summons a notice. If the action was one arising on contract for the recovery of money only, the notice was to the effect that he would take judgment for the sum specified therein, if the defendant failed to answer within a time specified. In all other actions the notice required was to the effect that, if defendant failed to answer the complaint within such period, plaintiff would apply to the court for the relief demanded in the complaint. Under the first class the judgment was final, and that was the end of it. Under the latter the defendant could still come in and contend in mitigation of damages, and object to the jurisdiction over the subject-matter of the suit. The insertion of this notice having been imperatively required, its omission necessarily is fatal. In 1882 the Code of Civil Procedure in South Carolina was changed. The practice of taking judgment was abolished, the first subdivision above quoted was repealed, and in every case relief must be sought at the hands of the court. The notice to be inserted in the summons was changed accordingly. It is unnecessary to follow defendant's attorney in his discussion of the effect of this change of practice upon our rule 5. Whether it amends the rule *proprio vigore*, or whether this will depend upon the action of this court, yet to be taken, it will not affect this case. The plaintiff had adopted in his summons a form of notice, conforming not literally, but in substance, to the notice required in actions upon contract for the recovery of money only. It is not synonymous with the notice required for all other actions, as he says that he will take judgment, and does not say that he will apply to the court for relief. It looks narrow and technical. But it is a familiar rule that when a statute prescribes a form it must be followed. So, also, with a rule of court. The summons and complaint in this case do not conform, and whenever this occurs the complaint is irregular. *Boington* v. *Lapham*, 14 How. Pr. 362. In *Allen* v. *Allen*, Id. 248, the plaintiff was allowed, under circumstances in a measure similar to these, to amend the summons. But, as the summons is the very first step in a cause, there seems to be nothing to amend by. The plaintiff has leave to discontinue, and begin afresh, if he be so advised, paying the costs of clerk and marshal. There are as yet no attorney's costs.