## BRADEY v. MUELLER.

A summons in justice's court, which summons defendant to appear
to answer the complaint of the plaintiff, who claims a specified sum
for damages to his property by the trespassing animals of defendant;
and which notifies defendant that on his failure to appear plaintiff will
take judgment by default for the specified sum, though defective for
failing to notify defendant, as required by Rev. Justice Code, § 13,
that, unless he appears, plaintiff will apply to the court for the relief
demanded, is sufficient to give the court jurisdiction.

The main object of a summons is to notify defendant that plain-
tiff claims to have a cause of action against him, and that he is re-
quired to answer such complaint.

Where a summons in a court of record is served, accompanied by
a complaint, defendant must look to the complaint, and not to the

summons, to determine the cause of action against him, and a variance between the complaint and the summons as to cause of action stated does not entitle defendant to a dismissal of the complaint or the setting aside of the summons.

Where a summons in justice court sets out the facts of plaintiff's cause of action, founded on a tort, and the complaint, when filed, alleges the same facts, it is not error to refuse to set aside the complaint because the summons contains a notice that, if defendant fail to appear and answer, plaintiff will take judgment for the amount specified in the summons, instead of a' notice that he will apply to the court for the relief demanded.

Rev. Code Civ. Proc. §§ 150, 153, authorizing the court, in furtherance of justice, to amend any pleading or process, etc., and requiring the court at every stage of the action to disregard any error not affecting the substantial rights of the adverse party, etc., are applicable to cases triable in justice court, and the justice must disregard any error in the pleadings or proceedings not affecting the substantial rights of the adverse party.

Rev. Code Civ. Proc. § 831, providing that parties sustaining damages by trespassing animals mentioned in sections 829, 830, shall, before commencing action thereon, notify the owner, etc., is limited to sections 829 and 830, relating to liability for damages by breachy stock and swine for their trespasses; and an action for damages by trespassing horses and cattle, not involving any question as to fences, is not affected by the section.

(Opinion filed, December 16, 1908.)

Appeal from Circuit Court, Campbell County. Hon. Lyman T. Boucher, Judge.

Action by James G. Bradey against Nick Mueller. From a judgment for plaintiff in the circuit court, on appeal from a judgment of a justice of the peace, defendant appeals. Affirmed.

*Frank Alexander* and *Taubman, Williamson & Herreid,* for appellant.

CORSON, J. This is an appeal by the defendant from a judgment rendered by the circuit court of Campbell county affirming the judgment of the justice of the peace in favor of the plaintiff.

The assignments of error relied on are as follows: "That the justice court was without jurisdiction to try the case, for the reason that the summons as issued did not comply with the provisions of section 13, Rev. Justice Code, in that it contained a notice that, unless the defendant appeared and answered, the plaintiff would take judgment for a sum certain, instead of containing a notice

that the plaintiff would apply to the court for the relief demanded in the complaint. * * * That the complaint failed to allege, and the proofs failed to show, that the plaintiff before the commencement of the action, notified the defendant of such damages and the probable amount thereof, as required by section 831 of the Revised Code of Civil Procedure." It is disclosed by the record that on the case being called for trial in the justice's court, the defendant by his attorney appeared specially, and made a motion to dismiss the action on the ground that the purported summons served on the defendant is not in the form required by law, in this: That the said summons so served is in the form of a summons upon a contract for the recovery of money, and not a relief summons, as required by law. The summons in the action, omitting the formal parts, is as follows: "You are hereby summoned to appear before me at my office, in the town of Herreid, in said county, on the 13th day of April, A. D. 1907, at 10 o'clock a. m., to answer the complaint of the above-named plaintiff, James G. Bradey, who claims to recover of you the sum of seventy-five and no-100 dollars, being for damages done by your horses and cattle to the above-named plaintiff's property in the town of Herreid, Campbell county, S. Dak., at various times during the months of February, March and April, by eating & destroying wheat and oats, breaking lumber, stove, etc. You are hereby notified that if you fail to appear and answer said complaint as above required said plaintiff will take judgment against you by default for the said amount of seventy-five & no-100 dollars and ———— cents and interest at ————, per cent from ————, 19—, together with costs and attorney's fees."

It is contended by the appellant that, this being an action for damages alleged to have been committed by the defendant's stock the summons should have provided that, in case the defendant failed to appear, the plaintiff would apply to the court for the relief demanded in the complaint. Section 13, Rev. Justice Code, provides: "The summons must be directed to the defendant and signed by the justice and must contain: * * * A sufficient statement of the cause of action, in general terms to apprise the defendant of the nature of the claim against him. * * * In an action on a contract, for the recovery of money or damages only, a notice that unless

the defendant so appears and answers, the plaintiff will take judgment for the sum claimed by him, stating it. In other actions a notice that unless the defendant so appears and answers, the plain· tiff will apply to the court for the relief demanded. If the plaintiff has appeared by attorney, the name of the attorney must be indorsed on the summons." It will be observed that, when the action arises on a contract for the recovery of money or damages only, a notice is required that, unless the defendant so appear and answer, the plaintiff will take judgment for the sum claimed by him stating it. But the action must be one arising on a contract. It clearly appears from the statement of the cause of action in this case, as contained in the summons, that it was not one arising on contract, but was an action in tort, and in such action the notice must be in the form of a relief summons "that unless the defendant so appear and answer, the plaintiff will apply to the court for the relief demanded," as provided in subdivision 5 above quoted. By section 105 of the Revised Code of Civil Procedure the plaintiff is required to insert in the summons a notice, "in actions arising on contract for the recovery of money only, that he will take judgment for a sum specified therein if the defendant fails to answer the complaint in thirty days after the service of the summons." It will be observed that in that section the word "damage" is omitted, but the meaning of the two provisions are practically the same, as the action either in justice or the circuit court must, as before stated, be an action arising on a contract, while undoubtedly the notice in the summons in the case at bar should have been that the plaintiff would take judgment for the relief demanded, yet we are of the opinion that this omission in the summons was not of such a character as to require a dismissal of the action. It will be observed that the summons stated very fully the nature of the plaintiff's claim, and the defendant is therein clearly notified that the action is one in tort, and not one on contract; and, as the defendant is presumed to know the law, he is presumed to know that the plaintiff is not entitled to a judgment by default in the action, and he could not therefore have, in legal contemplation, been misled by the statement in the summons that judgment by default would be taken in case of his failure to answer. The main object of the sum-

mons is to notify the defendant that the plaintiff claims to have a cause of action against him, and that he is required to answer such complaint.

It seems to be generally held by the modern courts that, where a summons in a court of record is served, accompanied by a complaint, the defendant is required to look to the complaint, and not to the summons, for the purpose of determining the cause of action against him, and that a variance between the cause of action as stated in the complaint and the summons will not entitle the defendant to a dismissal of the complaint or setting aside the summons. This court, in the case of Berry v. Bingaman, 1 S. D. 525, 47 N. W. 825, held: "When a summons in justice court fully sets out the facts constituting plaintiff's cause of action, such action as so shown being founded on a tort, the complaint, when filed, alleging the same facts as the summons, it is not error to refuse to set aside the complaint because the summons contains a notice that, if defendant fail to appear and answer, plaintiff will take judgment for the amount specified in the summons, instead of a notice that he will apply to the court for the relief demanded. The rule is approved that, where the summons in justice court, as required by section 6053, Comp. Laws, contains 'a sufficient statement of the cause of action in general terms to apprise the defendant of the nature of the claim against him,' or where in the circuit court the summons and complaint are served together, so that the defendant is fully informed as to the nature of the cause of action, a motion to set aside the complaint because it varies from the summons as to the nature of the action should not be allowed." In the opinion in that case there is quite a full review of the authorities, and the court quotes with approval from the very important case of McCoun v. R. R. Co., 50 N. Y. 176. In that case the learned Court of Appeals of New York gives a very full consideration to the various provisions of the practice act of New York, of which our provisions relating to the subject are substantially a copy, and says: "Most of the provisions of the Code are model, and intended for the regulation of the formal procedure in the action, and are no more sacred than any other rules of practice. The Code recognizes this: First, by directing that any defect or error

in the pleadings or proceedings which do not affect the substantial right of the adverse party shall be disregarded in every stage of the action (Code of Procedure, § 176); and, second, by giving the largest liberty to the court in its discretion, either before or after judgment, to amend any pleading, process, or proceeding by correcting a mistake in any respect (Code of Procedure, § 173). If a literal adherence to the Code and its forms and requirements had been deemed a substantive right, and essential in every case, these two sections would not have been enacted. It is necessarily wholly immaterial and cannot, in the nature of things, affect a substantial right of the defendant, whether a summons is under the first or second subdivision of section 129, when a copy of the complaint, as was in all cases before us except six, is served with the summons. The office of the summons is to bring the defendant into court to give the court jurisdiction of the person. The process and its particular form are prescribed by sections 127 and 128 of the Code of Procedure. Civil actions must be commenced by the service of summons, which shall be subscribed by an attorney and directed to the defendant, and shall require him to answer the complaint within 20 days after the service of the summons. This is the effective process to subject the defendant to the jurisdiction of the court. The subsequent section (129) directs the insertion of a notice in the summons, in actions on contract for the recovery of money only, that judgment will be taken for a specified sum on failure of the defendant to answer, and in other actions that application will be made to the courts for the relief demanded. The statute permits the commencement of an action by the service of a summons without complaint. Code of Procedure, § 130. The purpose of the notice required by section 129 is to inform the defendant of the character of the action and the consequences of a default, that he may understandingly determine whether the protection and preservation of his rights call for an appearance and answer. But if the complaint is served with the summons, the defendant has more full and perfect knowledge of the cause of action and the consequences of a default than he could get from the summons alone; and, if there is an error or defect in the summons, it carries with it the remedy and correction, and an effectual prevent-

ive against error by any one. The objection is that the notice is that the plaintiff will take judgment for a specified sum instead of notice of an application to the court for the relief demanded, or vice versa. It would be trifling with the rights of suitors, sacrificing substance to the merest form, to hold that the denial of a motion to set aside the summons and complaint under such circumstances affected a substantial right of the defendant, and that he was or could be prejudiced by the particular form of the notice. * * * I am for a dismissal of the appeals. The question whether a party in court, by the regular service of a summons, irregular it may be in form, shall litigate in that suit or upon the service of another summons slightly different in form, when he has not been misled and does not lose the benefit of any defense he may have had, and when the defenses in the two actions must be precisely the same, does not affect any substantial right. * * *" And the learned court, after a further discussion of the subject, says: "Such a disposal of this appeal disposes of over 500 appeals by this defendant. * * *" The two sections of 173 and 176 referred to by that court constitute sections 150, 153, Rev. Code Civ. Proc., the latter of which reads as follows: "The court shall, in every stage of action, disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect." While these sections are found in the Code of Civil Procedure they are undoubtedly applicable to cases triable in the justice court, and it is the duty of the justice, as well as the circuit court, to "disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party."

In the case at bar as in the case of Berry v. Bingaman, supra, the summons contains practically a full statement of the plaintiff's cause of action, and though a complaint was subsequently filed in the action, it did not change the nature of the plaintiff's action. Under the decision in Berry v. Bingaman, supra, we are of the opinion that the justice court committed no reversible error in denying the defendant's motion to dismiss the action, and that the circuit court committed no error in affirming the judgment of the justice's court in its ruling upon that question.

It is further contended by the appellant that the plaintiff was not entitled to maintain this action for the reason that he had failed to give the notice required by section 831, Rev. Code Civ. Proc., which reads as follows: "The parties sustaining damages done by such trespassing animals as mentioned in sections 829 and 830, before commencing action thereon, shall notify the owner or person having in charge such offending animals, of such damages and the probable amount thereof, provided he knows to whom such offending animals belong, and that the owner or person in charge resides and is within the county." But in our opinion this contention is untenable, for the reason that the provisions of that section are limited to the provisions of sections 829 and 830, and these sections clearly provide for a different class of cases than the one now before us. In section 829 it is provided that any person owning or having in charge any of the animals therein mentioned which shall breach through, over or under any lawful fence, etc., shall be liable to a party having sustained injury by reason of such breaching. And the provisions of section 830 are limited to swine only. In the case at bar it does not affirmatively appear that any question as to a lawful fence, or any fence, was involved and it is quite clear from the language of the sections under consideration that they are not applicable to the case at bar.

The judgment of the circuit court and order denying a new trial are affirmed.