[No. 5903.]

## THE PEOPLE *v.* W. E. GREENE.

DEFECTIVE SUMMONS.—A judgment rendered by default will be reversed if the summons was radically defective. The summons must state the cause or general nature of the action.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

On the 15th day of October, 1868, the defendant located, and, on the 16th day of December, 1868, purchased from the State the north half of section eighteen, township number nine north, range thirty-three west, San Bernardino base and meridian, lying in the County of Santa Barbara, and containing three hundred and twenty acres. On the day of purchase, the defendant received from the State a certificate of purchase numbered one thousand three hundred and ninety-three. He neglected to pay the interest on the sum due the State, three hund-

red and twenty dollars, and in May, 1876, there was due as interest one hundred and twenty-eight dollars. The District Attorney of the county brought an action to foreclose the defendant's interest in the land and to annul the certificate of purchase. The Political Code, sec. 3548, requires him to bring such actions, and permits the summons to be served by publication. The summons issued in the case required the defendant to appear in an action " brought to obtain a decree of this Court foreclosing the interest of defendant in certificate of purchase number one thousand three hundred and ninety-three of grants sixteen and thirty-six sections, and lieu lands, in the County of Santa Barbara, and all costs of suit, and such other judgment or order as may seem meet and proper." Judgment was rendered by default, and the defendant appealed from the judgment.

*Moore, Laine & Leib,* for the Appellant.

The summons was radically defective. No land is described, nor is it stated that the interest of any body in any land is sought to be foreclosed, nor that any certificate of purchase is sought to be annulled.

*Jo Hamilton,* Attorney-General, for the People.

By the COURT:

Sec. 407 of the Code of Civil Procedure provides that the summons shall contain " the cause and general nature of the action." The summons in this case is fatally defective in this particular. It does not substantially state the cause or general nature of the action set forth in the complaint. The service of the summons was by publication, and the defendants failing to appear, judgment was taken by default. The summons was so radically defective that no judgment could properly be entered under it.

Judgment reversed, and cause remanded. Remittitur forthwith.