## SMITH *et al. v.* AURICH *et al.*

(*Supreme Court of Colorado, December Term, 1882—Error to the Lake County Court*).

SUMMONS—WHAT IT MUST CONTAIN. Under the Code, the summons must contain such a statement of the cause of action as will inform the defendants of the particular matter or transaction concerning which they are called upon to defend. The phrase, "in consequence of certain acts and doings of the defendants, as will more fully appear by the complaint on file herein, to which reference is here made," is too indefinite. The service of such defective summons will not confer upon the Court jurisdiction of the persons of the defendants.

BECK, C. J. Robert Aurich and Jacob Mengel brought suit against the plaintiffs in error in the County Court of Lake county, and at the November term thereof, 1880, recovered a judgment by default for the sum of $2,000, being the full amount of damages claimed in their complaint.

The cause of action stated in the complaint was, substantially, that a short time before suit commenced, Aurich and Mengel, being indebted to Smith, one of the defendants below, executed to him three promissory notes, payable at different dates, and to secure payment of the notes, executed a chattel mortgage upon the fixtures, machinery, furniture and stock in trade of the Arkansas Brewery, situate near Leadville; also upon a span of mules, double harness and wagon. That by the terms of the mortgage, the plaintiffs were to retain possession until default in the conditions thereof.

The complaint further charges, that Smith fraudulently conspired and combined with the other defendants, naming them, to cheat, defraud and swindle the plaintiffs out of their property, and its value, and in furtherance of the conspiracy, forcibly took possession of the whole of said property, and fraudulently sold the same at public auction, none of the notes being due, and no default having occurred as to any of the conditions of the mortgage.

Plaintiffs further charge, that the sale was so fraudulently conducted for the purpose of preventing competition thereat, that the several articles of property sold at nominal prices, greatly below their value. The complaint details the several

fraudulent acts perpetrated, and wrongs done to the plaintiffs by the defendants, and concludes by laying plaintiffs' damages at $2,000.

The defendants failed to appear and defend the action, and judgment by default was entered against them for the sum of $2,000.

The defendants afterwards, at the same term of Court, by special appearance for that purpose only, applied to have the judgment vacated, and upon refusal, prayed an appeal to the District Court, which was also denied. They then sued out this writ of error.

The first error assigned is: "The complaint unites two causes of action, contrary to law."

In our judgment there is no foundation for this assignment. The form and substance of the complaint is authorized by the seventy-first section of the Code.

Several other errors are assigned, but it is only necessary to consider the error relating to the sufficiency of the summons, as the case may be disposed of on that alone.

This error, as assigned, is, that the summons does not state the cause of action, or its nature.

It is evident that the summons does not conform to the substantial requirements of Sec. 31 of the Code in this particular. The provision is, that the summons shall state "the cause and general nature of the action."

The statement in the summons is: "The said action is brought to recover the sum of $2,000, damages alleged to have been sustained by said plaintiffs in consequence of certain acts and doings of said defendants, etc., as will more fully appear by the complaint on file herein, to which reference is here made."

It is clear that this writ does not furnish to the defendants that information as to the cause and nature of the action which is contemplated by the statute. It notifies them that money is claimed to an amount limited by the jurisdiction of the Court; but whether the damages claimed arise by virtue of a contract entered into by the defendants, oral or in writing, or by reason of injuries done to person or property, or by other and what acts of the defendants, is not stated.

The evident intention of the Code provision is, that the summons shall contain such a statement of the cause of action as will inform defendants of the particular matter or transaction concerning which they are called upon to defend. Such information cannot be obtained from this summons alone. The phrase, "in consequence of certain acts and doings of said defendants," is too indefinite to be capable, of itself, of imparting any information whatever. Nor can an expression so void of advice be aided, under our practice, by reference to the complaint. Such a construction would be equivalent to saying that the summons need only state whether the action is brought to recover money or property, and make the usual reference, for particulars, to the complaint on file.

If our Code required, as that of California does, that a copy of the complaint must be served with the summons, such a construction would be more plausible. The fact is patent that this writ does not conform to the statute. It follows that if the insertion in the writ of the several matters specified in Sec. 31 is indispensable to its validity, this writ must be declared invalid.

A single question remains to determine the point whether the Court below acquired jurisdiction by service of this writ, to enter up judgment against the defendants. If the provision in question is directory merely, the failure to insert in the summons the cause and general nature of the action does not invalidate the action of the Court in entering judgment by default against the defendants; but if, on the contrary, the requirement is to be held mandatory, there must be a substantial compliance therewith to support such a judgment.

In *Sidwell* v. *Schumacher*, 99 Ills., 426, it is said: "While there is some conflict of authority upon this subject, yet it is believed that the weight of authority establishes the proposition, that where the law expressly directs that process shall be in a specified form, and issued in a particular manner, such a provision is mandatory, and a failure on the part of the official whose duty it is to issue it to comply with the law in that respect, will render such process void."

The reasoning of the Court in the above case, and the authorities therein cited, fully sustain the proposition.

In *Hochlander* v. *Hochlander*, 73 Ills., 618, the objection to the summons was, that it was not made returnable to the next term after its date, as required by the sixth section of the chancery act. It was held that the statute having been disregarded, the writ was without force, and failed to confer jurisdiction over the person of the defendant, and that the decree entered upon the default of the defendant was void.

The ground on which constitutional and statutory provisions required to be inserted in writs are held to be mandatory, is, that the proper authority having declared what the process shall contain, and of what it shall consist, all other forms are prohibited by implication.

In the case of *Lyman* v. *Milton*, 44 Cal., 630, the Supreme Court of California considered the effect of a failure to insert in a summons one of the statements required by the twenty-fourth section of the practice act. The requirements of that section are identical with those of section 31 of our Civil Code. The failure in that case was to comply with the provision "*the summons shall state the parties to the action.*"

The defendants were Martha Ellen Milton, a widow, and her infant daughter, Ida Milton. The mother had been appointed administratrix of the estate of her deceased husband. The summons was entitled, "*W. Lyman, plaintiff, v. M. E. Milton, (administratrix, etc.) et al., defendants.*"

A motion to quash the summons, on the ground that it was radically defective in not stating the parties to the action, was made and overruled in the lower Court. Upon this point the Supreme Court held that the words "*et al.*" were of no significance, and that the summons did not state the parties to the action. It further held that the several requirements of the section were mandatory, and all of them must be observed. If anyone could be omitted without invalidating the process, all might be. The Court adds: "The summons is the process by which parties defendant are brought into Court, so as to give the Court jurisdiction of their persons. Its form is prescribed by law, and whatever the form may be, it must be observed, at least substantially.     *     *     We entertain no

doubt that a summons must contain all that is required by the statute, whether deemed needful or not."

Upon principle and authority, therefore, we are prepared to hold that the summons in this case was so defective in form that its service did not confer upon the Court jurisdiction of the persons of the defendants. For which reason the judgment is reversed, and the cause remanded for further proceedings. *Judgment reversed.*

*Thos. George,* for plaintiffs in error.

*Livesay & Rollins,* for defendants in error.