ATCHISON, TOPEKA & SANTA FE R. R. CO. v. NICHOLLS.

1. It is not necessary to preserve matters of record in a bill of exceptions.

2. Under the code the summons must contain such a statement of the cause of action as will inform the defendant of the particular transaction concerning which he is called upon to defend, and in

actions for tort must notify him that, upon failure to appear and defend, the plaintiff will apply to the court for the full relief demanded in the complaint.

3. A special and limited appearance for the purpose of moving to quash does not waive the defect in the summons.

4. The presumption in favor of the jurisdiction of courts of general jurisdiction may be negatived by the record itself.

5. A default for want of answer cannot be entered pending a motion filed by defendant.

*Appeal from County Court of Bent County.*

Mr. C. E. Gast, for appellant.

Mr. John E. Pitt, for appellee.

Helm, J.    This action was brought against the appellant company to recover damages for an alleged injury to plaintiff's person caused by the negligence of the company's employees or servants.    The negligence complained of consisted in so operating a locomotive and cars as to come in contact with a baggage or express truck of defendants standing upon its depot platform at Las Animas, thereby causing the said truck to strike the plaintiff's person with force and violence, and wound him.    The sum of $500 as damages was demanded in the complaint.

A special appearance was entered by defendant, and two motions were filed within the statutory time for pleading; one to quash the summons, the other to quash the return of the sheriff thereon.    While these motions were pending and undisposed of, the court entered a default, for want of an answer, against defendant.    Some thirteen days thereafter, and in term time, on motion of plaintiff, both of defendant's motions were stricken from the files; upon plaintiff's motion, also, the summons was amended.    And on the next day a judgment was rendered against defendant upon the default theretofore entered.

All these matters appear from the record proper, and no bill of exceptions was needed to preserve them; neither was an exception to the judgment nor a motion for new trial a necessary prerequisite to a review in this court of alleged errors resting upon them; therefore appellee's position, that we should not examine the question presented, is incorrect.

Sections 35 and 37 of the Civil Code, prescribing what the summons shall contain, are mandatory. *Smith v. Aurich*, 6 Colo. 388, and cases cited.

The latter section provides that a notice shall be inserted in the writ, in substance as follows: "First. In an action arising on contract for recovery of money or damages only, that the plaintiff will take judgment for a sum specified therein, if defendant fail to answer the complaint. Second. In other actions, that, if the defendant fail to answer the complaint, the plaintiff will apply to the court for the relief demanded therein."

As already stated, this action was brought to recover damages for a tortious injury; no contract was pleaded or mentioned; yet the notice to defendant in the summons was, "if you fail to appear and answer the complaint as above required, the said plaintiff will take judgment against you for said sum of $500, with interest and costs." This was no compliance whatever with said section 37, and, under the authorities, the process was fatally defective. The summons should have notified defendant that, in case of failure to answer, plaintiff would "apply to the court for the relief demanded" in the complaint. Holding, as we must, that the statute is mandatory, the foregoing conclusion is inevitable. And if there be any force to the argument that it is unreasonable, and at times productive of hardship, legislative aid must be invoked.

The attempted amendment of the summons in this particular, after entry of default, without notice and in the absence of defendant, was futile. As amended the

summons was never served upon defendant, and no opportunity was given to respond thereto.

Section 35 above mentioned requires that the writ embody a statement of the "cause and general nature of the action." The process in this case informs defendant that "the said action is brought to recover the sum of $500, due from defendant to plaintiff upon certain damages claimed to have been incurred by plaintiff by reason of the negligent operating of said road, its locomotives and appurtenances, by its agents and servants, particularly described in the complaint."

This is not a sufficient statement of the cause and general nature of the action. Defendant is not in the slightest degree apprised as to what the "certain damages" mentioned consist of; for aught that appears in the summons, it may be that these damages are for injuries to freight shipped over defendant's road, or for the killing of plaintiff's cattle or horses strayed upon the track, or for setting fire to his buildings or crops; or it may be that the claim for $500 arises through an injury to plaintiff's person, or the destruction of his baggage, while he was a passenger upon one of defendant's trains. In this insufficient statement we have another fatal objection to the process under consideration. *People v. Greene*, 52 Cal. 577; *Porter v. Hermann*, 8 Cal. 625; *Smith v. Aurich, supra*.

Since our practice does not require a copy of the complaint to be served with the summons, the reference to this pleading in no way aids the defective description. *Smith v. Aurich, supra*.

In two particulars, therefore, this summons is radically defective. Such a process will not sustain a judgment *by default*. It fails to confer jurisdiction, and the proceedings subsequent to the service thereof, if there be no waiver, are a nullity. *Smith v. Aurich, supra; Porter v. Hermann, supra; People v. Greene, supra; State v. Woodlief*, 2 Cal. 241.

The special and limited appearance of defendant for the purpose of moving to quash did not cure or waive the defects. It appears, then, from an *inspection of the record itself*, that the court acted without jurisdiction of the person, and that the judgment is therefore void. The presumption in favor of the jurisdiction of courts of general jurisdiction is in this instance negatived by the record itself. *Israel v. Arthur*, 7 Colo. 5.

For the foregoing reasons the judgment must be reversed. But there is another matter which should be noticed. The default was improperly entered; two motions of defendant were pending, and under section 150 of the code a default could no more be entered than if an answer had been filed. The statute mentioned authorizes a default only upon failure to file an answer, a demurrer *or motion* within the time specified. Striking defendant's motions from the files two weeks after entry of default did not remedy the error. If we presume that this action was taken upon notice to defendant, and was regular in all respects, it could not relate back to the default and cure the illegality arising by the entry thereof, and no subsequent default was demanded or entered of record.

The judgment is reversed and the cause remanded.

*Reversed.*