DILLON ET AL. v. RAND.

1. QUESTIONING AUTHORITY OF ATTORNEY.— The authority of an attorney to appear for a party to an action in a court of record may be controverted while the action is pending.

2. TRIAL OF ISSUE OF AUTHORITY.— The question of such authority may be raised upon due notice by sworn petition, or by motion sup-

ported by affidavit; and, if an issue be made upon such petition or motion, the same may be tried and determined by or under the direction of the court as other issues of fact.

3. DEFAULTS IRREGULARLY ENTERED.— Where parties have not been served with summons, it is irregular to grant default against them without first disposing of a motion on file to vacate an appearance by attorney in their behalf.

4. AUTHENTICATION OF AFFIDAVITS.— The code provides for the taking and certification of affidavits "taken in another state or territory of the United States, to be used in this state;" and, when an affidavit is so taken and certified, it is to be regarded as *prima facie* authentic.

## *Error to Arapahoe County Court.*

GEORGE RAND, plaintiff below, brought suit "against Levi Dillon, Isaiah Dillon, M. F. Dillon, and other sons of said Levi Dillon and Isaiah Dillon, whose names are to plaintiff unknown, as Dillon Brothers, and William F. Marrs, George W. Middleton, Edward Hunter, partners as Marrs, Middleton & Hunter." The relief sought was by judgment *in personam*.

None of the defendants appear to have been served with summons. The defendants Marrs, Middleton & Hunter, however, appeared by P. L. Palmer, Esq., their attorney, and filed their answer. Subsequently, Mr. Palmer also entered his appearance as attorney for the defendants Levi Dillon, Isaiah Dillon, M. F. Dillon and Leo Dillon; and thereafter said defendants were ruled to answer the complaint. Before the expiration of said rule, George C. Norris, Esq., appeared specially as attorney for the Dillons, and filed a motion to vacate the appearance entered for them by Mr. Palmer, on the ground that Palmer had no authority to appear for them or either of them. Before disposing of the motion to vacate the appearance of Palmer for the Dillons, the court entered default against three of them.

The motion to vacate was supported by two affidavits. The affidavit of Mr. Palmer himself states that he was the attorney for the defendants Marrs, Middleton & Hunter in

this suit; that he entered his appearance for Dillon Bros. at the request of Mr. Hunter of said firm, and upon the assurance of Mr. Hunter that he (Hunter) had full authority to cause the appearance of Dillon Bros. to be entered; that he was not retained by Dillon Bros., but relied on the assurance of Hunter as aforesaid. The affidavit of M. F. Dillon states positively that he is a member of the firm of Dillon Bros.; that neither he nor any member of said firm ever in any way, either directly or indirectly, authorized any person to enter the appearance of said firm of Dillon Bros., or any of the members thereof, in any suit brought by the said George Rand in the state of Colorado or elsewhere; nor have they or either of said parties ever authorized the firm of Marrs, Middleton & Hunter, or any member of said firm, to employ counsel for them or either of them, or to enter their appearance in any such suit. The affidavit is subscribed and sworn to before the clerk of the county court of McLean county, Illinois, and is attested by said clerk under the seal of said court. Leave was granted to plaintiff to file affidavits in answer thereto, but he did not do so. Upon this showing the court below overruled the motion of the Dillons to vacate the appearance entered for them by Mr. Palmer as their attorney, and proceeded to the trial of the issue between the plaintiff and the defendants who had answered, and to the assessment of damages against the Dillons, upon the default entered against them. The Dillons bring the case to this court by writ of error.

Mr. Geo. C. Norris, for plaintiffs in error.

Messrs. Browne & Putnam, for defendant in error.

Mr. Justice Elliott delivered the opinion of the court.

It is well settled that the authority of an attorney to appear for a party to an action in a court of record may be controverted while the action is pending, and probably at any time before the expiration of the period in which the court may grant relief under section 75 of the code. The

question of such authority may be raised upon due notice by sworn petition, or by motion supported by affidavit; and, if an issue be made upon such petition or motion, the same may be tried and determined by or under direction of the court as other issues of fact. Ordinarily, such issue may be tried and determined in a summary manner without difficulty. Code, §§ 173, 204; *Williams v. Canal Co.* 13 Colo. 469.

Neither of the Dillons had been served with summons. The question of Mr. Palmer's authority to appear for them had been properly raised by motion and affidavits. It was therefore irregular to grant the default against them without first disposing of the motion on file to vacate the appearance which had been entered for them by Mr. Palmer. The jurisdiction of the court over their persons depended upon the authority of the attorney to enter such appearance. Code, § 168; *Railroad Co. v. Nicholls*, 8 Colo. 188; *Chivington v. Colorado Springs Co.* 9 Colo. 597.

It is objected that the affidavit of M. F. Dillon is not authenticated as required by the act of congress, providing for the authentication of records and judicial proceedings of the courts of other states. The affidavit under consideration is not a judicial record. Our Code of Procedure, §§ 338–340, provides for the taking and certification of affidavits "taken in another state or territory of the United States, to be used in this state." From the code provisions above referred to, it is clear that when an affidavit is taken before the clerk of a court of record having a seal, and is certified by the clerk under such seal, it is to be regarded as *prima facie* authentic.

From the records before us, no presumption can be indulged that Mr. Hunter was authorized to employ Mr. Palmer as attorney for the Dillons. If he was so authorized, plaintiff should have controverted the affidavits presented by defendants. No answer or response whatever was made to the affidavits denying Mr. Palmer's authority to appear for the Dillons. These affidavits showed posi-

tively and unequivocally that Mr. Palmer's appearance for them was wholly unauthorized. Hence, the entry of appearance for the Dillons should have been vacated, and all proceedings against them suspended, until the court should have acquired jurisdiction over them. The decision of the county court is reversed and the cause remanded. From the record before us, we perceive no reason why plaintiff should not have judgment rendered upon the finding in his favor against Marrs, Middleton & Hunter.

*Reversed.*