## ESTATE OF PHILETUS FINCH, DECEASED.
### [No. 12,183; decided December 29, 1893.]

**Claims Against Decedent—Whether must be Presented for Allowance.**—Only such claims as were incurred by the decedent in his lifetime, or for which he might be held liable, need be presented to the administrator for allowance.

**Funeral Expenses—Whether Claim for must be Presented.**—The claim of an undertaker for funeral expenses need not be presented for allowance against the estate of the decedent.

**Funeral Expenses—Time for Payment.**—The funeral expenses of a decedent must be paid by the administrator as soon as he has sufficient funds in his hands.

**Claims Against Estate—Payment by Foreign Administrator.**—Where an undertaker takes charge of the funeral of a decedent at the request of a person subsequently appointed administrator, and thereafter presents his claim to the administrator, who transmits it to an administrator in a sister state and receives from him the money to pay the claim, the court will order the administrator to make the payment.

Bull & Cleary, for the petitioner.

Roger Johnson, for the administrator.

COFFEY, J.   Halsted & Company, undertakers, at the request of Mark Parish, who engaged them so to do, buried deceased, paying all the funeral expenses; subsequently Mark Parish was appointed the administrator of the estate of Philetus Finch, deceased, and duly qualified and entered upon the discharge of his duties as such administrator; at the

request of said administrator Halsted & Company made out their claim for said funeral expenses against the decedent's estate and delivered the same to said Parish, who forwarded the same to Michigan and received the money to pay the same. The claim of Halsted & Company never having been allowed and approved by the judge of this court, are Halsted & Company now entitled to an order directing Mark Parish, administrator of said estate, to pay the said claim?

Section 1490, Code of Civil Procedure, provides that "Every executor or administrator must, immediately after his appointment, cause to be published in some newspaper of the county . . . . a notice to the creditors of the decedent, requiring all persons having claims against him to exhibit them, with the necessary vouchers, to the executor or administrator. . . . ."

Section 1643, Code of Civil Procedure, provides that "The debts of the estate . . . . must be paid in the following order:

"1. Funeral expenses.

"2. The expenses of the last sickness.

"3. Debts having preference by the laws of the United States.

"4. Judgments rendered against the decedent in his lifetime and mortgages in the order of their date.

"5. All other demands against the estate."

Section 1646, Code of Civil Procedure, provides that "The executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses. . . . . He may retain in his hands the necessary expenses of administration, but he is not obliged to pay any other debt or any legacy until, as prescribed in this article, the payment has been ordered by the court."

Section 1467, Code of Civil Procedure, provides that "Any allowance made by the court or judge, in accordance with the provisions of this article, must be paid in preference to all other .charges, except funeral charges and expenses of administration."

Petitioner contends:

1. The funeral expenses are not a debt of decedent which the law requires shall be presented in a claim verified by

claimant and allowed and approved by the administrator and the court and filed with the clerk.

2. The funeral expenses are a portion of the expenses of administration to be first paid.

3. Admitting that the law requires the claimant to present his claim for funeral expenses in a claim verified, and that the same shall be allowed and approved by the administrator and judge and filed in the clerk's office, this debt of petitioner having been incurred by the administrator of this estate, and the petitioner at the request of said administrator having presented his claim against the estate of decedent in a sister state and delivered the same to the administrator in this state, who has by virtue thereof collected the amount from the estate in a sister state, petitioner is still entitled to an order of payment by the administrator in this state.

1. The funeral expenses are not a debt of decedent which the law requires shall be presented in a claim verified by claimant and allowed and approved by the administrator and the court and filed with the clerk.

The word "claim" is certainly a very broad term, when used in certain connections and in reference to certain matters. Lord Coke says: "The word 'demand' is the largest word known to the law, save, only, 'claim'; and a release of all demands discharges all right of action." Chief Justice Nelson says: "The word 'claim' is of much broader import than the word 'debt,' and embraces rights of action belonging to the debtor, beyond those which may appropriately be called debts": 2 Hill, 223.

But, however broad may be the general meaning of this term, we must look to the statute to ascertain the sense in which it is there used.

The statute to "Regulate the Settlement of the Estates of Deceased Persons" requires the executor or administrator to give "notice to creditors of the decedent, requiring all persons having claims against him, deceased, to exhibit them," etc.: Code Civ. Proc., sec. 1490.

In Fallon v. Butler, 21 Cal. 32, 81 Am. Dec. 140, Mr. Chief Justice Field, in delivering the opinion of the court, said: "Whatever signification, then, may be attached to the term 'claims,' standing by itself, it is evident that in the probate

act it only has reference to such debts or demands against the decedent as might have been enforced against him in his lifetime by personal actions for the recovery of money, and upon which only a money judgment could have been rendered'': See, also, Estate of McCausland, 52 Cal. 577.

In Hancock v. Whittemore, 50 Cal. 523, the supreme court says:

"An assessment for the improvement of a street is a municipal tax, and the property owner is brought into relations with the proceedings which are initiated by the resolution of intention, only when the tax is levied; that is to say, when the assessment is made and issued.

"The assessment was issued after the death of H. M. Whittemore. The tax thus assessed did not constitute a claim against the estate of H. M. Whittemore which was required to be presented for allowance: People v. Olvera, 43 Cal. 492."

From the sections of the Code of Civil Procedure and the decisions of the supreme court above cited it necessarily follows: That only such claims as were incurred by the decedent in his lifetime, or for which he might be liable, are to be presented, allowed, approved and filed; no one will for a moment contend that decedent incurred the funeral expenses in this case, or that any claim ever existed against decedent therefor; hence they are not a claim against deceased, a claim which is necessary to be presented.

2. The funeral expenses are a portion of the expenses of administration to be first paid.

By referring to sections 1643 and 1467, Code of Civil Procedure, it will be seen that the debts of the estate are to be paid by paying the funeral expenses first.

By section 1646 of the Code of Civil Procedure, the administrator is ordered to pay the funeral expenses as soon as he has sufficient funds in his hands.

These sections of the code are in their intent sanitary; they are intended to provide for the decent burial of the dead without any question as to the payment of the necessary expenses incurred therein, and without compelling the parties who furnished these expenses to satisfy themselves first if the

estate of decedent is insolvent. They are the first expenses of the estate to be paid.

Section 1646, Code of Civil Procedure, is mandatory upon the administrator to pay the same as soon as he shall have received enough money so to do. In this case it is admitted that the administrator has received the money from the east to pay these expenses.

3. Admitting that the law requires the claimant to present his claim for funeral expenses in a claim verified, and that the same shall be allowed and approved by the administrator and judge and filed in the clerk's office, this debt of petitioner having been incurred by the administrator of this estate, and the petitioner at the request of said administrator having presented his claim against the estate of decedent in a sister state and delivered the same to the administrator in this state, who has by virtue thereof collected the amount from the estate in a sister state, petitioner is still entitled to an order of payment by the administrator in this state.

These facts are to be viewed simply in the light of an official of this court receiving money in trust to pay a certain claim, and in declining to do so, or to account for the money he has received.

He certainly received it as administrator of the estate of decedent and by reason of his appointment as such.

What right has he to retain it, or fail to account for it?

In the Estate of Ortiz, 86 Cal. 306, 21 Am. St. Rep. 44, 24 Pac. 1034, it was held by the supreme court "to be the duty of a domiciliary executor to gather in and account for the foreign assets of his testator to the extent of his conscious ability to do so, and the court of the domicile may compel him to account for willful neglect to perform such duty."

The conclusion of the court is that petitioner is entitled to an order directing Mark Parish, administrator of the estate of Philetus Finch, deceased, to pay to Halsted & Company the sum of $145, with interest thereon at seven per cent per annum from March 1, 1893, until paid.

Prayer of petition granted.

---

That a Claim for Funeral Expenses need not be presented to the administrator of the estate for allowance, see Potter v. Lewin, 123 Cal. 146, 55 Pac. 783.