BURKHARDT ET AL., PLAINTIFFS IN ERROR, v. HAYCOX, DEFENDANT IN ERROR.

1. DILATORY MOTIONS.

Dilatory motions based upon special appearances are not favored under the present practice; they are against the policy of the code.

2. STATEMENT OF RELIEF DEMANDED.

According to amended section 34, the summons is not rendered void or erroneous by reason of a defective statement of the relief demanded, provided such statement be not manifestly misleading.

3. DISMISSAL OF ACTION.

Failure to file complaint in time does not necessarily require the dismissal of the action. *Knight v. Fisher*, 15 Colo. 176, approved.

*Error to the District Court of Arapahoe County.*

Action for the conversion of personal property.

## AMENDED SECTION 34 OF CODE.

" The summons shall state the parties to the action, the state, county and court in which it is brought, and require the defendant to appear and answer the complaint within twenty days after the service of the summons, if served in the county in which the action is brought; or if served out of such county or by publication, within thirty days after the service of the summons, exclusive of the day of service, or that judgment by default will be taken against him according to the prayer of the complaint, and shall briefly state the sum of money or other relief demanded in the action; but the summons shall not be considered void or erroneous on account of an insufficient statement of the relief demanded, unless the same is manifestly misleading. If a copy of the complaint be not served with the summons, or if the service be made out of the state, ten days additional to the time specified in the summons shall be allowed for appearance and answer, but the form of the summons shall be the same in all cases." Session Laws 1889, p. 71.

The summons in this action contained, *inter alia*, the following:

.'' To..........the defendants above named, Greeting:

"You are hereby required to appear in an action brought against you by the above named plaintiff, in the district court of Arapahoe county, state of Colorado, and answer the complaint therein within * * * or judgment by default will be taken against you according to the prayer of the complaint. * * *

. "That said action is brought to recover damages for the wrongful taking and conversion by the defendants of certain goods and chattels situate at * * * (describing the property substantially as in the complaint) as will more fully appear from the complaint in said action to which reference is here made.

"And you are hereby notified that if you fail to appear and to answer the said complaint as above required the said plaintiff will take judgment against you by default according to the prayer of the complaint."

The complaint alleged, *inter alia*, that plaintiff was the owner and entitled to the possession of certain personal property, describing it; that the same was of the value of $300; that defendants wrongfully converted said property to their own use. The conclusion of the complaint is as follows:

"That by reason of all the facts aforesaid this plaintiff suffered great loss to his damage of three hundred ($300) dollars. Wherefore the plaintiff demands judgment against the defendants for three hundred ($300) dollars, and for his costs of this action."

Defendants by special appearance moved to set aside and quash the summons upon the following ground:

"Because said so-called summons does not state the sum of money or other relief demanded in said action nor the value of the goods and chattels alleged to have been wrongfully taken and converted by these defendants."

This motion was denied; and time was allowed defendants to plead further in the action. Defendants failing to answer

or otherwise plead, judgment was granted in favor of plaintiff for the sum of $269.27. Defendants prosecute this writ of error.

Mr. G. P. BLAIR, for plaintiffs in error.

Mr. E. W. WAYBRIGHT, for defendant in error.

Mr. JUSTICE ELLIOTT delivered the opinion of the court.

The assignments of error assail the judgment of the court below upon two grounds: *First*, that the summons does not conform to the requirements of the code; *second*, that the complaint was not filed within the time prescribed by law.

1. Mere dilatory motions based upon special appearances are not favored under the present practice. It is the policy of the code that all its provisions shall be liberally construed with the view to assist parties in obtaining justice, and that errors and defects in pleadings or proceedings not affecting the substantial rights of the parties shall be disregarded by the courts on appeal or error as well as at *nisi prius*. Code, sections 78 and 443. *Higley v. Pollock*, 27 Pac. Rep. (Nev.) 895.

2. The foregoing observations are especially applicable where, as in this case, the special appearance was for the purpose of moving to quash the summons personally served upon each of the defendants. The office of a summons is to notify the defendant that an action has been brought against him and by whom, the place and court in which the same is brought, the relief demanded, and the time within which he must appear and answer in order to escape a judgment by default. It is no longer necessary that the summons shall state "the cause and general nature of the action" as was required by the Code of 1877; nor is it necessary that the summons shall "state the nature of the action" as was required by the Code of 1887 before the amendment of 1889. It is true, section 34 of the Code still requires that the sum-

mons "shall briefly state the sum of money or other relief demanded in the action;" but the amendment of 1889 provides that, "the summons shall not be considered void or erroneous on account of an insufficient statement of the relief demanded, unless the same is manifestly misleading." Session Laws 1889, p. 71.

The summons in the present case does not state in so many words the sum of money or other relief demanded; but it states that the action is brought to "recover damages for the wrongful taking and conversion by the defendants of certain goods and chattels * * * owned by plaintiff," describing the same as set forth in the complaint, and stating that if defendants fail to appear and answer, judgment by default will be taken against them according to the prayer of the complaint. The complaint states the value of the property alleged to have been converted by defendants, and the sum of money demanded in consequence thereof.

The summons in this case cannot be considered *manifestly misleading* in respect to the statement of the relief demanded. The statement was correct as far as it went; besides, it pointed directly to the complaint where the relief was demanded fully stated. The want of a more definite statement in the summons did not, therefore, render the summons *void* or *erroneous ;* the statement was not *misleading.*

The opinions in *Smith v. Aurich,* 6 Colo. 392, and *Railroad Co. v. Nicholls,* 8 Colo. 188, and other cases, are cited by counsel for plaintiffs in error. These decisions were based upon objections and code provisions different from section 34 as amended in 1889, and are not, therefore, in point in the present case. The questions presented in *Farris v. Walter,* 2 Colo. App. 450, were also different from those considered in this opinion. In the *Farris case* the summons contained no statement of the relief demanded. Whether the amendment of 1889 would avail to save such a summons, we express no opinion.

3. The objection that the court erred in not dismissing the action below because the complaint was not filed within the

time prescribed by the Code (sec. 32) is not well taken. The provision that the complaint must be filed within ten days after the summons is issued, or the action *may be dismissed*, is not mandatory; the authority to dismiss rests in the sound legal discretion of the court; and should not be arbitrarily exercised. *Knight v. Fisher*, 15 Colo. 176.

The complaint in this case was not filed until seventeen days after the summons was dated, but it was filed within five days after the last defendant was served; besides, it does not appear that any motion to dismiss the action for failure to file the complaint in time was interposed in the trial court, and the question cannot be raised here for the first time.

The judgment of the district court must be affirmed.

*Affirmed.*