Bissell, J.
The improvement company, asserting title under the foreclosure of a mortgage, filed a hill to remove a cloud formed by the record of a certificate of purchase given by the sheriff in a sale under an execution issued on a judgment in favor of Fleming foreclosing an alleged mechanic’s lien.
The facts will be taken as found by the court regardless of what the record may show because other than what is contained in the record entry no exception to the judgment is exhibited. The appellant probably will not uselessly complain of this because he has practically rested his appeal on one 'proposition. The property in controversy is lots 25 and 26 in block 121 in one of the coal and iron company’s additions in the former city of South Pueblo. The title antecedent to that held by E. W. Shutt, is not involved. In October, 1892, the title stood in his name, and so far as we can see he was the undisputed owner of it. On the 18th of October, 1892, while he thus owned it, he borrowed $6,000 of the Mortgage *188 Trust Company of Pennsylvania, and secured the note representing that sum by a deed of trust running to Biddle Reeves as trustee, which was recorded on the 19th in the proper office. The. title acquired through this trust deed and its foreclosure is the one asserted by the Boulevard Highlands Improvement Company. The trust deed contained the usual conditions with reference to the payment of the principal, interest, taxes, etc., and on the 16th day of November, 1895, at the request of the trust company on account of defaults in the payment of interest and taxes, the trustee, Reeves, foreclosed and sold the premises to the improvement company and conveyed the title by deed of that date, which was recorded on the 21st of November. The proceedings for the foreclosure of the trust deed are in no wise attached and were found by the court to he entirely regular, and it is the necessary inference that the improvement company got good title to the property as against Fleming unless his proceedings under his alleged mechanic’s lien were regular and valid. Subsequent to the execution of the trust deed Shutt conveyed the premises to the Shutt Investment Company. We shall assume, because it is so found by the court, and it is in point of fact sustained by proof in the record, that Fleming sold the material‘for which he attempted to procure a lien to the Shutt Investment Company. The original dealings with reference to the material were undoubtedly had between Fleming and the West-man Mercantile Company, but that corporation suspended and the interests represented in it were afterwards reorganized and formed the Shutt Investment Company. There might have been some room for dispute as to the exact time at which the contract was made with the Westman company, although there is nothing in the record which shows satisfactorily just when the first items were delivered under it. There was no delivery prior to the failure of the Westman company because the material was ordered from a manufacturing company in Iowa, and according to Fleming’s own testimony the shipment was stopped until the reorganization was effected, when he made a new contract with the Shutt Invest *189 ment Company and delivered the material. We regard the question as wholly out of the case because of the court’s findings, and we assume that the contract under which the material was sold for which Fleming claims a lien was made with the Shutt Investment Company, and therefore could not have been delivered until after that company got the title under which the appellee claims. Fleming delivered the material to the company or to Shutt its general manager, and it went into the construction of the house on which he claims a lien and which was covered by the mortgage. April 25, 1893, Fleming filed a lien against the property claiming a balance due of about $280. Subsequently he brought suit to foreclose it and named as parties Shutt, Biddle Reeves, trustee, the trust company, Ray, and possibly others. We are only concerned, however, with the fact that he attempted to make the Mortgage Trust Company of Pennsylvania and the trustee parties in order to divest their lien and decree the priority of his own. Still pursuing the findings of the court, Fleming filed his complaint wherein he set up his notice of lien and the other details requisite for its foreclosure and issued a summons against these various parties. The summons was never served on Reeves, on the mortgage company, or on any person who represented it. The summons was served on Lipe as the agent of the trust company and of Reeves. As a matter of fact Lipe was not their agent at all, was totally without authority to represent them in any manner, and the service thus made in no manner bound the trust company or the trustee. After the suit was commenced, it would seem that Shutt who was the manager of the Shutt Investment Company employed a firm of attorneys in Pueblo to represent the investment company and himself. After the employment they filed a general demurrer to the complaint apparently in behalf of all the defendants. These attorneys subsequently dropped out of the case and had no further connection with it, nor was there any other or further appearance ever entered on behalf of the trust company or the trustee. It very clearly appears that the attorneys were not authorized to represent *190 the trust company or the trustee, never assumed to act for them, and the filing of the demurrer on behalf of all of the defendants was a mistake of a clerk in the office and ivas not discovered until long afterwards. The want of authority on the part of the attorneys to appear for the trust company or the trustee, the lack of employment and that there was no authorized appearance in behalf of either of them in that suit, is clearly and abundantly established. After the demurrer was overruled that suit proceeded to a judgment which foreclosed the mechanic’s lien, declared its priority over the trust deed and gave Fleming the right to a special execution. Execution was issued, the property sold by the sheriff, a certificate of purchase issued which was held by Fleming when this suit was brought. The sheriff’s certificate was filed for record. The purchasers under the mortgage foreclosure, the Boulevard Highlands Improvement Company, thereupon filed its bill against Fleming to set aside the judgment and certificate of purchase as a cloud upon the title and void as against the mortgage which was given by Shutt and the title acquired through its foreclosure.
On these facts the appellant presents a single question and maintains his contention about it with an abundant citation of strong authorities which he claims are entirely applicable. The appellant’s theory is, that when there has been an appearance by an attorney in a suit, whether authorized or unauthorized, the only remedy of the party who claims to have been injured by the ultimate’judgment is to appear in'that suit, open it up, and move to set it aside. He insists that under many circumstances parties will be bound because of the presumption which comes from the appearance of an officer of the court, and their only remedy is against the attorney unless they show him to be insolvent at the time the action is begun. We deem it wholly inadvisable to review the authorities on this question, or to ascertain what the law may be in other states, what the rule may have been for many years, and to what extent it has been modified. As we look at it, the question has been entirely settled by the adjudications of our *191 supreme court which have in some of their aspects been followed by this tribunal. Great West Mining Co. v. Woodmas of Alston Mining Co., 12 Colo. 46; Wilson et al. v. Hawthorne, 14 Colo. 530; Williams v. Uncompahgre C. Co., 13 Colo. 469; Folsom v. Cragen, 11 Colo. 205; Dillon v. Rand, 15 Colo. 372; Johnston v. Bennett, 6 Colo. App. 362.
Ity these authorities it is fully determined that the remedy by bill in equity to cancel a judgment which is absolutely void for want of service, which is a jurisdictional matter, belongs to any person whose title or interest is injuriously affected by the judgment, and he need neither appear in the original suit nor take steps thereunder, nor need he resort to the liability of the attorney for the purpose of protecting or recovering his rights. The necessity of a service to obtain a judgment is clear and undoubted. The necessity if it is desired to obtain service against a foreign corporation to serve the process on the regularly appointed agent of that corporation is likewise thoroughly adjudicated. The necessity to file a lien against the one holding the title to the property in order to obtain a mechanic’s lien thereon is equally clear. The owner must have title unincumbered by a prior regularly obtained lien if the material man’s right is to be adjudged antecedent and superior. Hone of these elements concurred in the present case. The service was neither made on-the foreign corporation, on its regularly appointed agent, nor on any person who had authority to represent it. The appearance by the attorneys on behalf of the corporation and its trustee was wholly unauthorized, was a mistake and an inadvertence, and thereby Fleming in foreclosing the mechanic’s lien, acquired no right to a judgment foreclosing his lien and decreeing its priority, and the judgment which he did obtain was as to them and the claim of the present appellee, wholly null and void. Under these circumstances we see no reason why the judgment should be disturbed and we are entirely satisfied that it is concluded by the adjudications of the highest court in the state, and even though we were inclined to disagree with them, which we are not, we would be bound *192 to follow them, and, recognizing their force, affirm this judgment. It is quite possible that there may be two or three other questions in the case which would permit a discussion and which we would have felt called on to consider and decide had they been argued by counsel. The foregoing opinion, however, disposes of the only proposition on which the appellant has relied, and with its decision we regard the case as fully determined.
The judgment will be affirmed.

Affirmed.