Bissell, P. J.
This suit sounding in damages was begun on the 14th of August, 1897, by the service of the summons and complaint on the defendant. Thereafter and within the statutory period for the filing of the answer, the defendant filed a motion and affidavit asking that the plaintiff be compelled to file a cost bond, alleging her inability to pay costs and the danger to the officers as to their fees. Thereafter, and on the 18th of September while this motion was pending and before its determination or the tender of an issue, the plaintiff filed a motion praying a default and judgment against the defendant. October 5, thereafter, these two motions for a cost bond and for a default judgment came on for hearing. The motion for costs in the natural order of events seems to have been first heard and was sústained by the court who ordered the plaintiff to file a bond within ten days in the sum of $200, to provide for the costs in the suit. The plaintiff made no objection to the amount of the bond nor did she make any showing as a basis for its reduction, nor any application to sue in forma pauperis or otherwise than by objection and exception complain of the court’s action. At the same time the court, both counsel being present, made an order fixing the time within which the defendant should file an answer which was under our decisions instanter, being an order that *446 he answer within twenty-four hours. The answer was filed under the order and subsequently the plaintiff failing to comply with the court’s order respecting the cost bond the suit was dismissed. To these several matters the plaintiff in error objects and brings the case here for review.
There are but two substantial questions presented in the briefs and only two which were argued at the oral submission of the cause. The first relates to the force and effect of section 168 of the code which in general provides that in an action like the present, if no answer, demurrer or motion has been filed within the time specified in the summons, or such further time as may have been granted, the clerk or judge shall enter the default of the defendant. It is the contention of counsel for the plaintiff in error that she had an absolute right to have the default of the defendant entered because of a failure to answer notwithstanding this motion for a cost bond had within the proper time been filed. With this position we are wholly unable to concur. The only practical question is whether the filing of a motion for a cost bond preserved the defendant’s rights to answer and prevented the plaintiff from taking a default against him. We see no escape from this conclusion. The language of the code is exceedingly broad and permits the defendant to save his rights and prevent a default from being entered against him, if he file an answer, demurrer or a motion. We are unable to follow counsel to his conclusion that the motion for which this act provides must be a motion which in some manner attacks the plaintiff’s cause of action or her complaint or the proceedings by which her suit is instituted. It is his theory that the only construction of the code provision is that it must be a motion of such character in order to stay the plaintiff’s hands and prevent her from taking her default. ' In support of his position' he cites decisions from other states, but the statutes of those states as we read them are wholly different from our own and the decisions quoted are therefore entirely inapplicable. The language of our code is simply “ a motion.” Without judicial legislation we do not see how we can legit *447 imately hold that a motion for a cost bond is not exactly and entirely within the purview of that statute, and when filed will save the defendant’s rights, and prevent a default. In one sense it is a motion which attacks the plaintiff’s right to proceed. The statutory provision which is found in the Session Laws of 1885, page 156, 1 Mills’ Ann. Stats, section 675, gives a defendant the right when the plaintiff is a nonresident or when the defendant makes a showing that the plaintiff is unable to pay costs and the fees of the officers are endangered, to file a motion for security which the court has full power to grant, and when granted it operates to stay the plaintiff’s hands until he gives a bond and in ease of a failure directs the court to dismiss the suit under certain conditions. Why this motion is not sufficient for the purpose of preserving the defendant’s rights we are wholly unable to see. It is true counsel for plaintiff in error contends that it is not a motion provided for by the code. To this we may answer that many other motions which the supreme court has held to be sufficient for the purpose of preventing a default, are likewise not provided for by the code but are available to a party to the suit under the general principles of law regulating the practice in such cases. The supreme court has decided that a motion to quash the summons because of the difference in the statement of cause of action, in the summons and in the complaint, or because of some defect in the service, are within the section and surely these motions are not directly provided for by the code, but rest upon well settled principles regarding the practice, although of course specifically and practically relating to code provisions which determine the form and character of the summons and the acts which must be done in order to perfect a service. A., T. & S. F. Ry. Co. v. Nicholls, 8 Colo. 188 ; Chivington v. The Colo. Springs Co., 9 Colo. 597; Dillon et al. v. Rand, 15 Colo. 372.
We do not appreciate the distinction which counsel attempts to draw, but believe these eases entirely applicable and wholly decisive of the present inquiry.
*448 The only other question to which we need advert respects the action of the court in fixing the time within which the defendant should answer. Since we have already determined the plaintiff was without the right to ask for or obtain a default against the defendant at the time the motion for a cost bond and for a default were entertained and considered, it follows, the statutory time having gone by, it remained with the court to fix the time within which the defendant’s answer should be filed. This necessarily under the practice must have been done at the time of the determination of the original motion and at the time the court decided the plaintiff was not entitled to a default. Under the practice which has prevailed throughout the state for many years, it is always true the court will then necessarily prescribe the time within which the defendant shall answer. We can very readily conceive the court inight very properly fix the defendant’s time coextensive with the period prescribed for the filing of the bond. Instead of giving the defendant that time which might reasonably have been done, the court ordered that he file his answer within twenty-four hours. The court did not abuse its discretion when he fixed the time, the plaintiff’s rights were thereby fully preserved, the issue was tendered and she has been totally unharmed. There is no force in the contention that in order to have the time fixed it is incumbent on the defendant to file a motion for leave to file his answer and serve notice of it on the plaintiff’s counsel. Such is not the practice of the courts and the opposite procedure has been thoroughly approved by the supreme court. Snider v. Rinehart, 18 Colo. 18. According to that decision it was entirely right and proper for the court when the motion was overruled to fix the date when the defendant should answer, requiring neither a formal application nor a formal notice in order to authorize the procedure. The parties were in court and present by counsel and an application by the plaintiff or by the defendant that the time be fixed within which the answer should be filed, was entirely regular, the parties fully bound by the proceeding, the court’s order *449 entirely justified by the practice and by this decision, and the court haying fixed it in a manner which was reasonable, which abundantly protected the rights of the parties, there was no abuse of discretion and the order will therefore be approved.
We are unable to discover that the plaintiff has been harmed by the proceeding, or that any steps were taken which were not warranted by the law or by the code, and we must affirm the judgment which is accordingly done.

Affirmed.