[No. 3969.]

## GRIFFING v. SMITH.

1. SUMMONS—*Requisites—Statement of Demand.*  Under Secs. 36, 41, of the Revised Code a summons not stating the sum demanded, but that the action is "brought to recover salary for services as foreman," at a mill· named, during a period. mentioned, and referring to the complaint for a more particular statement, is sufficient to sustain a judgment entered by the court, upon evidence heard, after a default entered by the clerk.  Whether sufficient to sustain a judgment by default, entered by the clerk.  Query? (221, 223)

2. STATUTES—*Construed.*  Where the clerk merely enters the default of the defendant, the first clause of sec. 185 of the code has no application. (224)

Where there is upon file a verified and sufficient complaint, and the defendant has been duly summoned, and fails to answer within the time allowed to him, the court has full control of all subsequent proceedings, and though no sum is named as demanded in the summons, may give judgment in favor of plaintiff for the amount to which he is entitled, not, exceeding what is set down in the complaint..  The provisions of sec. 185 of the code empowering the clerk to enter judgment by default in certain actions were not intended to·impair the powers of the court. (224)

*Error to Dolores District Court.*  HON. CHARLES A. PIKE, Judge.

MESSRS. ADAMS & HOGG for plaintiff in error.

MR. GEORGE W. LANE, MESSRS. DAYTON & DENIOUS and MR. FRANK A. PETTIBONE for defendant in error.

MORGAN, J.

Error to· the Dolores District Court by defendant in lower court, to· reverse a judgment by default in favor of the ·plaintiff, on a summons issued by clerk August 9, service and return August 11, and a complaint verified and filed August 12, 1910.  Default entered by the clerk April 10, and judgment entered by the court. at the March term on May 9, 1911.

Two questions are presented by the assignments of error.

First, it is contended that the court erred in overruling a motion to quash the summons and the service thereof.

Second, that the court erred in rendering judgment by default, whereas, it is claimed that the Code of Civil Pro-

cedure provides that the clerk alone could enter the judgment.

Under the first contention it is claimed that the summons was so defective (because it did not contain a statement of the sum of money demanded), that it did not give the court jurisdiction of the defendant and should have been quashed. Prior to 1889, the Code of Civil Procedure required, without any remedial provision, that the summons, "shall, if a copy of the complaint be not served therewith, or if the service be by publication, briefly state the nature of the action, and the sum of money or other relief demanded;" but, prior to the commencement of this action, this section was amended by omitting part thereof and inserting a remedial provision, so that it now reads as follows: "shall briefly state the sum of money or other relief demanded in the action; but the summons shall not be considered void or erroneous on account of an insufficient statement of the relief demanded, unless the same is manifestly misleading," and providing that the form of the summons shall be the same in all cases. Section 34, Mills. Ann. Code, (sec. 36, Code of Civil Proc. Rev. St. 1908). While the summons herein did not state the sum of money demanded, it did state that "the said action is brought to recover salary for services as foreman of the Pro Patria mill at Rico, Colorado, in 1906 and 1907, as will more fully appear from the complaint in said action to which reference is here made." Whether such a summons under the law prior to the above amendment would have been incomplete because not stating the sum of money demanded is a question wholly unnecessary to consider here, and decisions of this court prior to such amendment are not controlling. The defect in the summons is cured by the amendment aforesaid. It comes within the liberal terms and the remedial intention thereof. The summons should state the sum of money demanded, but the lack of this statement was not such as to render the summons wholly insufficient under the amendment aforesaid, nor did it cause the summons to be misleading in any respect. The amendment covered

just such a summons by providing that it shall not be considered void or erroneous on account of the insufficient statement, unless it is manifestly misleading. Furthermore, sec. 41 of the Code of Civil Procedure, Rev. St. 1908, provides that the code provisions shall be liberally construed and that "no service of summons shall be set aside or quashed for any technical error, defect or omission, either in the summons or the service of the summons, which error, defect or omission does not affect some substantial right of the defendants therewith served."

This amendment has been considered and construed in the case of *Burkhardt v. Haycox,* 19 Colo. 339, 35 Pac. 730, decided subsequent to the amendment of 1889, in which case a default was entered similar to the facts herein, and in that case the court said:

"The summons in this case cannot be considered *manifestly misleading* in respect to the statement of the relief demanded. The statement was correct so far as it went; besides it pointed directly to the complaint where the relief demanded was fully stated. The want of a more definite statement in the summons did not, therefore, render the summons *void* or *erroneous;* the statement was not *misleading.*"

The court made the following statement also in that case that is peculiarly applicable here and ought to serve for all time as a useful and beneficial warning to counsel in all cases to refrain from technicalities that do not affect the substantial and actual rights of their clients:

"Mere dilatory motions based upon special appearances are not favored under the present practice. It is the policy of the code that all of its provisions shall be liberally construed with the view to assist parties in obtaining justice, and that errors and defects in pleading or proceedings, not affecting the substantial rights of the parties, shall be disregarded by the courts on appeal or error as well as at *nisi prius,* code, sections 78 and 443. *Higley v. Pollock,* 21 Nev. 198, 27 Pac. 895." See also *Rich v. Collins,* 12 Colo. App. 511, 513.

The case of *Farris v. Walker*, 2 Colo. App. 450, decided also since the amendment aforesaid, and held not to be in point in the *Burkhardt case*, may be distinguished in the same way here, with the further distinction that the court's notice in that case was not specially called to the amendment of 1889, above quoted. It is further claimed that the *Burkhardt* case is not controlling here, because in that case the action was for damages for the wrongful taking of certain goods and chattels, while in this case the action is on a contract for the recovery of money; and that, as section 185, Code of Civil Procedure, Rev. St. 1908, provides, that judgment by default shall be entered by the clerk "for the amount specified in the summons;" in actions of the latter kind, the summons must state the sum of money demanded, and that the clerk must look to the summons, alone, for such information without reference to the allegations or prayer of the complaint, although it be on file at the time. Even if this be true as the entry of *judgment* by the clerk, it is not true as to the entry of *default*. And there is no imperative reason, *so far as the service and notice* and the *entry of default* is concerned, why the summons should state the sum of money demanded in this case that would not be equally imperative in a case like *Burkhardt v. Haycox*. This contention, therefore, can be applied only to the lawful power of the clerk to enter the judgment, and as the clerk did not enter the judgment in this case, but only entered the default, such contention fails for lack of application.

The second contention under the assignments of error seems to be based principally upon that section of the code (sec. 185, Code of Civil Proc. Rev. St. 1908), that provides that "in actions arising upon contract for the recovery of money or liquidated damages only, * * * the clerk shall * * * enter judgment for the amount specified in the summons;" and the contention is that the *clerk* must enter the judgment, and that, in such action, the judge or the court has no power or authority to do so, or, if so, the judge of the

court must be governed in rendering the judgment by the sum specified in the summons, and that, as no sum was specified therein, no judgment could be given, rendered or entered. As it has been concluded that the summons in this case was sufficient under the amendment aforesaid to bring the defendant into court and to give the clerk authority to enter the default, it necessarily follows that the court had jurisdiction over the defendant when the time expired within which he was given to plead further. Sec. 44 Mills' Ann. Code; sec. 50 Code Civil Proc. Rev. St., 1908. Therefore, the court at the time the judgment was rendered had full power in the premises, and "control of all subsequent proceedings," as it is not disputed that it had jurisdiction of the subject matter. The code provision empowering the clerk to enter judgment by default in certain actions was never intended to deprive the court of its power to render a judgment, but only to give the clerk authority to enter it. It is unnecessary even to discuss the point made as to the constitutional power of the legislature to deprive the court of such right, because it is plain that the legislature did not intend any such thing. The record discloses that the complaint was on file, duly verified, when the default was entered by the clerk on April 10, and afterwards on May 10, 1911, the matter came on before the court in regular session at the regular term of court, and that it heard the testimony of the plaintiff's witnesses (and necessarily had the summons and complaint before it), and that, on the latter date, it rendered judgment in favor of the plaintiff on the default and the proof for the full amount demanded in the complaint. The court duly followed the next section of the code (186) by rendering a judgment for no greater amount than was demanded in the complaint. *Russell v. Shurtleff,* 28 Colo. 418, 65 Pac. 27, 89 Am. St. 216. This was the most regular, fair and lawful way for the court to proceed and there was no error therein.

The technicalities on which this writ of error is based are hardly worthy of the attention that has been given to them.

There are, in rare instances, cases in which special appearances may be made, as, where the defendant is not a resident of the county where the summons is served upon him; and possibly in other instances, but this is not one of such cases.   No excuse is discovered, furthermore, for the objection as to the rendering of judgment by the court, after the motion to quash the summons had been heard and denied, and the complaint duly verified and filed.   Such action by the court, instead of by the clerk was, certainly, not prejudicial to defendant, and entirely within the jurisdiction and power of the court.   Counsel should give greater heed to repeated efforts of the legislature to simplify the code, and rid it of such possible technicalities; and to the words of the court above quoted in the *Burkhardt v. Haycox* case; and attention is called, here, to the following from Brown on Jurisdiction, page 210:   "Courts are opposed to the practice of having one appear to tell them he is not there."

*Judgment Affirmed.*