No. 17,870.

SPEARS FREE CLINIC AND HOSPITAL *v*. DENVER AREA BETTER BUSINESS BUREAU, ET AL.
(312 P. [2d] 110)

Decided June 10, 1957.

Mr. CHARLES GINSBERG, for plaintiff in error.

Mr. PHILIP S. VAN CISE, Mr. EDWIN P. VAN CISE, for defendants in error.

Mr. E. RAY CAMPBELL, for defendants in error The Denver Post, Robert Byers and Charles Buxton.

Mr. J. PETER NORDLUND, for defendants in error Colorado State Medical Society and Harvey T. Sethman.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties are aligned here as in the trial court. From a judgment of dismissal entered after trial, plaintiff is here on writ of error.

The pleadings comprise more than 400 folios and the reporter's transcript more than 4,300.

Plaintiff commenced two separate actions for damages based on alleged civil conspiracy, which were consolidated for the purpose of trial. In the first action the Better Business Bureau, referred to as "BBB"; its director Bell, together with numerous individuals and corporations. were named as defendants. Later other companies or corporations and named individuals were brought into the case as defendants. The second suit named as defendants the same individuals, corporations and companies made defendants in the first case.

In essence the gravamen of the two complaints was that the defendants wilfully conspired to destroy plaintiff's business by giving misleading information about plaintiff; promoting litigation against it; advising persons indebted to plaintiff not to pay their bills; announcing that defendants had assembled incriminating evidence concerning plaintiff; distributing defamatory literature and otherwise destroying public confidence in plaintiff. Plaintiff sought $5,000,000.00 actual damage and a like sum as exemplary damages in each action.

Issue was joined, affirmative defenses of justification were interposed, the truth of any statements made by

defendants was alleged, together with a defense that the acts of plaintiff were ultra vires in connection with the practice of chiropractic, and other matters including on behalf of the Denver Post a defense that the plaintiff had from time to time invited the Post to make complete and thorough investigation of the acts of plaintiff, and that in response thereto the Post assigned a reporter to make such investigation, and that the articles in the Post were "fair comment" on matters of public interest. The Medical Society and Sethman, its executive officer, alleged that they knew nothing about any investigation made by the BBB. A supplemental answer on behalf of defendants was filed amplifying the defense of unlawful practice of chiropractic and medicine on the part of plaintiff and added the defense that plaintiff had illegally administered drugs and practiced surgery.

Trial was to the court and a wide latitude permitted in the introduction of evidence. The trial judge dismissed plaintiff's actions predicating his decision on two grounds: (1) "That the plaintiff corporation has failed to establish by a preponderance of the evidence that the defendants, or any combination of them, did conspire with the intent to damage the business of the plaintiff corporation and did actually damage that business." (2) "That the business of the plaintiff corporation is being, and has been in the past, conducted in a manner contrary to the laws of Colorado, and therefore the plaintiff corporation cannot successfully maintain this particular type of an action wherein the plaintiff corporation seeks to be recouped for alleged damage to the said business."

Counsel for plaintiff contends that a consideration of all the evidence warrants "the conclusion that the findings of the Trial Court was contrary to the preponderance of the evidence." The issues were fairly and thoroughly explored in the trial court, and, as stated, great latitude was permitted in the introduction

of evidence. We have repeatedly held that where trial is to the court, the determination of controverted facts rests with the presiding judge, and when supported by competent evidence will not be disturbed.

From the record before us we are satisfied that the evidence justifies a finding by the trial court that plaintiff failed to establish that defendants, or any combination of them, conspired with the intent to damage the business of plaintiff, or did actually damage that business. The burden is upon the plaintiff in actions of this type to prove five elements essential to the maintenance of such action. In *Lockwood Grader Corporation v. Bockhaus,* 19 Colo. 339, 270 P. (2d) 193 these essentials are stated as follows: "To constitute a civil conspiracy there must be: (1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of minds on the subject or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. The burden of proving these essentials by a preponderance of the evidence is upon him who asserts the claim under such circumstances."

It is claimed that the witness Walter T. Cooper, Ph.D., N.D. and D.P.T. made a case for plaintiff when he testified that some two or three months after the Denver Grand Jury investigation of practices by various individuals and corporations in connection with the healing arts and the treatment of human ills, defendant Bell, director of the BBB stated to Cooper "that Spears [then head of plaintiff corporation] was an S.O.B. and a quack anyhow, and he should be put out of business" and that "they'd do everything they possibly could to put them out of business." This statement was categorically denied by Bell and in his findings the distinguished trial judge said: "This Court, in determining the credibility which is attached to the various witnesses, chooses to disbelieve Cooper and to believe Bell." There is ample competent

·evidence in the record to sustain the finding of the trial court.

A full and complete hearing was had and an opportunity afforded all parties to present evidence, and the cause was decided on its merits. No contention is made that the trial court improperly admitted or excluded any ·evidence.

The foregoing is determinative of this case, hence we need not consider the question whether the plaintiff corporation in view of its corporate activities in connection with the practice of chiropractic, may maintain an action of this nature.

The judgment is affirmed.

MR. JUSTICE HOLLAND dissents.